DANIEL F. FEEHAN *vs.* CHIEF ENGINEER OF THE FIRE DEPARTMENT OF TAUNTON.

Bristol.    October 24, 1927.— June 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Civil Service.*

Civil Service Rule 23, § 3, authorizes the reinstatement of one who has been suspended from the classified civil service for a definite period for cause, provided such reinstatement is with the consent of the commissioner upon good cause shown.

No such consent being shown in the record on a petition for a writ of mandamus for the reinstatement in the classified civil service of one who had been suspended therefrom for a definite period and who had acquiesced in his suspension and sought reinstatement after the expiration of such period, the petition rightly was denied as a matter of law.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on January 27, 1927, and afterwards amended, for a writ of mandamus to compel the respondent to reinstate the petitioner as a member of the fire department of Taunton.

The petition was heard by *Carroll*, J., who found certain facts as stated in the opinion and denied the petition as a matter of law. The petitioner alleged exceptions.

The case was argued at the bar in October, 1927, before *Braley, Crosby, Pierce, & Wait*, JJ., and afterwards was submitted on briefs to all the Justices except *Carroll*, J.

*A. S. Allen*, (*J. H. Sullivan & I. Bertman* with him,) for the petitioner.

*H. F. Hathaway*, (*E. A. Hathaway* with him,) for the respondent.

CROSBY, J. This is a petition for a writ of mandamus in which the petitioner prays that the respondent be ordered to reinstate him as a member of the fire department of the city of Taunton. The petition was heard by a justice of this court and denied as matter of law.

The pertinent facts are that on December 14, 1925, the respondent preferred charges against the petitioner before the municipal council of Taunton, under § 11 of the ordinances of that city, as follows: "Cause, conducting himself in a manner to bring discredit on the department. Said Feehan was arrested on Broadway, Taunton, December 10th, 1925, at 11:25 P.M. while under the influence of liquor and operating an automobile under same conditions." He was convicted in the District Court of this offence on December 16, 1925, and the sentence of the District Court was affirmed January 19, 1926. Upon these charges the petitioner requested a hearing before the municipal council. The hearing was held on December 29, 1925, the charges were sustained, and the petitioner was ordered suspended from duty as a permanent fireman without pay until July 1, 1926. On the last named date the petitioner reported to the respondent for duty and was informed by him that before he could return to duty he should make a formal request to the civil service commission for its consent to his reinstatement. On January 19, 1927, being one year after sentence for the offence set forth in the charges above referred to, the petitioner again presented himself to the respondent for duty but the respondent refused to reinstate him and ever since has refused to reinstate him on the ground that he cannot be

so reinstated because he is a person "'habitually using intoxicating liquors to excess' within the meaning of G. L. c. 31, § 17, as amended by St. 1922, c. 36."

The petitioner held employment in the classified service of Taunton and was entitled to the rights and subject to the obligations set forth in the civil service law and the rules pertaining thereto. *Tucker* v. *Boston*, 223 Mass. 478, 480. *Carey* v. *Casey*, 245 Mass. 12. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. Under G. L. c. 31, § 43, the petitioner could not be removed from his office or employment, lowered in rank or compensation, or suspended "except for just cause, and for reasons specifically given him in writing within twenty-four hours after such removal, suspension, transfer or lowering in rank or compensation." *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174. *Murray* v. *Justices of the Municipal Court of Boston*, 233 Mass. 186. *Moloney* v. *Selectmen of Milford*, 253 Mass. 400.

No question is raised respecting the validity of the suspension of the petitioner. If a person holding an office or employment in the classified service is suspended, he has a right to a hearing to determine the validity of the suspension. The petitioner was given a hearing and was suspended from duty until July 1, 1926, as above set forth. The record shows that he acquiesced in the suspension, and thereafter sought to be reinstated.

Rule 23 of the civil service commissioners is entitled "Reappointment and Reinstatement." Sections 1, 2, and 4, of the rule relate to reappointments. Section 2 gives an employee who has been suspended from the service without fault or delinquency on his part the right upon request in writing to have his name placed upon a special list from which he may be certified before certification is made from the regular eligible list. Section 3 of the rule is as follows: "With the consent of the Commissioner, upon good cause shown, an appointing officer may reinstate in the same position or in a position in the same class and grade any person who has been separated from the service; provided, however, that the Commissioner shall not allow reinstatement of a person discharged for cause."

This section, rightly construed, authorizes the reinstatement of a person who has been separated from the service by being suspended for a definite period for cause, provided such reinstatement is with the consent of the commissioner upon good cause shown.

The record in the case at bar does not show that the commissioner has consented to the reinstatement of the petitioner. Where a person is suspended for a definite period, and he acquiesces in such action, the right to reinstatement at the end of the period under Rule 23, § 3, is dependent upon the consent of the commissioner.

As the petitioner has not shown any right to reinstatement, the petition for mandamus was rightly denied as matter of law.

*Exceptions overruled.*