ANDREW MUNDS *vs.* SUPERINTENDENT OF STREETS OF NEW BEDFORD & another.

Bristol. March 12, 1928.— June 29, 1928.

Present: RUGG, C.J., BRALEY, WAIT, & SANDERSON, JJ.

*Civil Service.*

On a petition for a writ of mandamus to compel the superintendent of streets of a city to reinstate the petitioner as a permanent employee of the city under the civil service, the writ properly was ordered to issue where the petitioner was duly appointed by the respondent and certified by the commission, and was discharged without written notice or the preferment of charges after working as an employee of the city for about four years, although the employee never registered with the commission as required by Civil Service Rule 40 because the respondent, having been directed by the commission at the time of his certification to notify him to register, failed to give him such notice.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on March 8, 1926, for a writ of mandamus to compel the respondents to restore the petitioner to a position as a permanent employee of the city of New Bedford under the' civil service.

The case was referred to an auditor, and thereafter was heard by *Pierce*, J., who denied the respondents' requests for rulings and ordered the writ to issue. The respondents alleged exceptions. Material facts and the respondents' requests for rulings are stated in the opinion.

*B. B. Barney*, for the respondents.

*T. C. Crowther*, for the petitioner.

WAIT, J.  This case is before us upon exceptions to the order of a single justice that a writ of mandamus issue requiring the respondents to restore the petitioner to employment as tool fixer in the street department of the city of New Bedford, and to his refusal to grant the following requests:

"1. That registration is an essential prerequisite for civil service employment.

"2. That for the reason that petitioner was not holding employment in the 'classified civil service' the provisions of the civil service law, in respect to removals, cannot be invoked for the benefit of this petitioner since he is not within the class affected by the terms thereof.

"3. That the formality of registration, as an imposed requirement condition, under established rule having the force of law, cannot be waived by the board of civil service commissioners, or any authority whatsoever, in respect to any particular individual.

"4. That the act of waiver by the board of civil service commissioners, under the vote of October 4, 1927, twenty-one months after the filing of the petition in this case, is without legal force or effect.

"5. That the petitioner cannot have mandamus issued in his favor."

The auditor's report shows that from January 17, 1921, until January 14, 1925, the petitioner was employed as a tool fixer, permanent, in the street department of New

Bedford, and was classified in its labor service. From January 25, 1921, to January 14, 1925, his name appeared on the payroll sheets of the department without objection made by the civil service commission so far as its records show. On January 14, 1925, he was discharged without written notice. There is no evidence that he had notice in writing of any charges preferred against him. No denial is made that if, in truth, he is properly to be regarded as in the classified labor service of the city, his discharge was wrongful for lack of the charges and the written notice to which one in that service is entitled under G. L. c. 31, § 43. The respondents set up that he is not properly so to be regarded, because he never registered with the civil service registration clerk at New Bedford in compliance with Rule 40 of the civil service.

The auditor's report further shows that in December, 1920, the superintendent of streets made requisition for certification for one tool fixer for permanent employment. Pursuant to G. L. c. 31, § 15, the director of the labor bureau certified one name, that of Joseph A. Sullivan, and, as there was no suitable eligible list and the requisition could not be filled in accord with the rules of the board, he authorized the superintendent to select any person at his discretion to fill the vacancy, and requested him to "please have him register with . . . the Civil Service Registration Clerk at New Bedford, whereupon his name will be entered on the roll of the employees of your department." The superintendent, thereupon, appointed Andrew Munds, the petitioner, but did not request him to register. Munds was never notified that he should register and he never did register. As a result of the director's letter the superintendent duly notified the commission of Mund's appointment, and the board certified Munds for appointment in the street department, notified him of his appointment and ordered him to report to the department. Munds did as directed.

Rule 40, among other things not here important, provides as follows:

"5. Whenever the Commission shall be unable to fill a requisition, it may authorize the employing officer to make

the selection. The Persons so selected shall, before being employed, present themselves at the Civil Service Labor office in their city for registration in the manner and under the rules and regulations prescribed for applicants, and be certified by the Commission; and such persons shall not be employed at any other kind of work than that for which they were so selected, until after they shall have been continuously so employed for at least one year, and shall have passed such test or examination as the Commission may require for the new employment."

The rule has the force of law. *Attorney General* v. *Trehy*, 178 Mass. 186, 188. *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, 419. There can be no dispute that strictly it has not been complied with. The department of civil service and registration, division of civil service, on October 4, 1927, voted "to waive the registration of Andrew Munds."

The requests of the respondents deal with the legal effect of the facts just recited. The justice was right in refusing to give them. The petitioner did everything that he was directed to do to secure a valid appointment. The superintendent of streets failed to give the notice he was directed to give. Every requirement of law and practice except the application for registration was fulfilled. The commission certified Munds, as if application had been made.

We need not decide the legal effect of failure to register nor the power of the commission to waive, for an individual's benefit, a general rule promulgated after approval by the Governor and Council. G. L. c. 31, § 3.

The purpose of the civil service law to protect employees in the labor service of cities against discharge without notice should not be defeated by setting up an innocent omission of the employee brought about by the authority which is seeking his discharge. See *Connell* v. *Board of Public Works of Everett*, 234 Mass. 491. *O'Brien* v. *Inspector of Buildings of Lowell*, 261 Mass. 351.

*Exceptions overruled.*