MORRIS A. SKOLD *vs.* CHIEF OF THE FIRE DEPARTMENT OF THE CITY OF CAMBRIDGE & another.

Middlesex.    December 6, 1928. — March 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Civil Service. Mandamus.*

The civil service commissioner having refused to permit the reinstatement of an employee who had been suspended from the classified civil service for a definite period for cause, and who had acquiesced in his suspension and sought reinstatement after the expiration of

such period, the employee could not maintain a petition for a writ of mandamus to secure his reinstatement, notwithstanding the fact that the respondent was willing to reinstate him; following *Feehan* v. *Chief Engineer of the Fire Department of Taunton*, 264 Mass. 178.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on April 18, 1928, for a writ of mandamus to compel the respondents, the chief of the fire department and the mayor of Cambridge, to reinstate the petitioner as a member of the fire department of that city.

The petitioner alleged that he "accepted said suspension for the definite period." Other material allegations of the petition and answer are stated in the opinion. The petition was heard by *Sanderson*, J., and was denied as a matter of law. The petitioner alleged an exception.

*R. C. Evarts*, for the petitioner.

*P. J. Nelligan*, City Solicitor (*J. E. Nally* with him,) for the respondents.

WAIT, J. This is a petition for a writ of mandamus filed April 18, 1928, to secure reinstatement in the fire department of Cambridge. Succinctly stated, the petitioner alleges that he had been a member of the fire department of Cambridge, since 1905; that after a hearing held on November 9, 1925, he was notified that he was suspended with loss of pay as a member of the fire department from November 9, 1925, to April 1, 1926; that no notice was given that he was removed or indefinitely suspended from his employment; that about April 1, 1926, he presented himself for employment to the respondent Casey, the chief of the fire department, who refused to reinstate him until he had secured the assent of the civil service commissioner; that the petitioner applied for such consent, but it was refused by the civil service commissioner and by the civil service board, and in consequence the chief still refused to reinstate the petitioner; that application was thereafter made to respondent Quinn, who, as mayor of Cambridge, has supervision and control of the fire department. It alleges, in consequence, that the petitioner has been "illegally removed" because he has never been given notice of his removal and the reason therefore as required by G. L. c. 31, § 43. The answer of the respondents admits

all the allegations of fact, but denies that there has been an illegal removal. It sets out that application was made by the petitioner on March 12, 1926, for reinstatement, that the chief of the fire department wrote the civil service commission stating his desire to reinstate the petitioner, to take effect April 1, but was notified by the commissioner on March 15, that he could not consent to the reinstatement; that, subsequently, the petitioner applied for a hearing before the civil service commission, which was held April 13, 1926, and on April 15, 1926, notice was received that the civil service commission sustained the action of the commissioner; that on April 16 the chief notified the petitioner and enclosed a copy of the letter from the secretary of the civil service commission; that he stated that he was sorry to deny the request but must follow the ruling of the commission. The respondents were willing to reinstate the petitioner in his position but were prevented by the refusal of the commissioner to consent. The answer further set up laches. After hearing, the court ordered the petition dismissed as matter of law.

We are unable to distinguish the case in principle from the recent case of *Feehan* v. *Chief Engineer of the Fire Department of Taunton*, 264 Mass. 178; which held that one who has been legally suspended for a definite period is not entitled to reinstatement unless he obtains the assent of the civil service commissioner.

The rules of the civil service have the force of law. *Attorney General* v. *Trehy*, 178 Mass. 186, 188. *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, 419. See *Munds* v. *Superintendent of Streets of New Bedford*, 264 Mass. 242. Rule 23, § 3, of the civil service rules is as follows: "With the consent of the Commissioner, upon good cause shown, an appointing officer may reinstate in the same position or in a position in the same class and grade any person who has been separated from the service; provided, however, that the Commissioner shall not allow reinstatement of a person discharged for cause." The cases already cited show that a person is separated from the service who for any reason is discharged or suspended for a definite period. It cannot be disputed that in this case the petitioner was

separated from the service. For a valid reinstatement it was necessary to have the assent of the commissioner. Whether the appointing officer desired, or did not desire, to make the appointment, if he sought to reinstate, he needed this assent. Until it was obtained, no valid reinstatement could take place and the person remained separated from the service. His remedy is not by petition for mandamus. *Feehan* v. *Chief Engineer of the Fire Department of Taunton*, *supra.* It follows that the petition was rightly denied.

*Exceptions overruled.*