ANTONE FERNANDEZ *vs.* MAYOR OF NEW BEDFORD & another.

Bristol.    October 29, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Civil Service.    Words,* "Separation."

One, who, while regularly and permanently employed by a city under the provisions of the civil service law, sustained an injury arising out of and in the course of his employment and by reason thereof accepted compensation for six years under the provisions of the workmen's compensation act amounting to the maximum sum of $4,000 payable for total disability, thus brought about a separation from his employment and service which fully concluded his connection therewith; and, by reason of civil service rule 23, § 2, there was no further duty to give him any notice under G. L. c. 31, §§ 43–45.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Bristol on February 9, 1929.

The case was heard by Crosby, J., on the petition and answer. Material facts are stated in the opinion. The petition was ordered dismissed and the petitioner alleged exceptions.

*J. T. Farrell,* for the petitioner.

*B. B. Barney,* for the respondents.

PIERCE, J.   This is a petition for a writ of mandamus, brought by one who was enrolled in the classified list of the public service of this Commonwealth. He was duly certified, regularly appointed and permanently employed as a tree climber in the forestry department of the city of New Bedford. He sustained an injury arising out of and in the course of his employment on November 10, 1922, and, under the

provisions of G. L. c. 152, § 69, received compensation from the city of New Bedford until September 8, 1928. These payments amounted to the maximum sum of $4,000 payable for total disability. Prior to September 8, 1928, he requested reinstatement in his employment but this was denied him, and since that date he has made repeated requests for and been denied reëmployment. On January 4, 1929, the respondent Lawton definitely informed him that he would not be reëmployed. Since he first requested reëmployment he has at all times been ready, willing and able to do his former work, and there is work to be done of the kind he was employed to perform. He has never received any notice in writing informing him of his discharge or removal and setting forth the reasons therefor. G. L. c. 31, §§ 43–45.

The respondents, in answer to the petition, say the petitioner was separated from his employment and service in the sense the word "separation" is used in civil service rule 23, § 2, which reads: "Whenever a person in the Official Service is unable to work on account of sickness or his position is abolished or made unnecessary, or whenever the number of positions of a certain character in any department or under any appointing officer is reduced, whereby any person egally holding such position is separated from the service without fault or delinquency on his part, the name of such person shall be placed . . . on a Special List, if the applicant so requests in writing, and his name shall remain on such Special List for a period of two years from the date of such separation . . . . Thereafter, on requisition to fill any position, which . . . can be filled from such Special List, the Commissioner, before certifying from the regular eligible list, may certify from the Special List the names of persons then standing thereon in the order of the dates of their original appointment, and appointment shall be made from the names so certified." The respondents further answer that because of such separation the petitioner is entirely without right to have written notice prescribed by G. L. c. 31, §§ 43–45.

The case came on to be heard before a single justice of

this court, who ruled, at the request of the respondents and subject to the exception of the petitioner, "that the petitioner because of his continued incapacity and by the payment to, and receipt by him, of compensation for total disability in the maximum sum provided by law, has brought about a separation from his employment and service, which same fully concludes his connection therewith, — and no further duty or obligation is imposed upon any person to give him any written notice under G. L. c. 31, §§ 43–45, or otherwise."   The single justice, subject to the petitioner's exceptions, refused to rule: (1) "On all the evidence the petitioner is entitled to reinstatement"; (2) "Even though the petitioner is, in truth, discharged for just cause, he is nevertheless entitled to notice and an opportunity for a hearing"; (3) "Performance of the requirements of the statute constitutes conditions to the lawful exercise of the right of suspension or removal"; (4) "Failure to observe the essential mandates of the statute entitles an employee or officer protected by the civil service law to relief by mandamus"; and entered an order dismissing the petition. The case comes before this court on the exceptions of the petitioner to the ruling given, *supra,* and to the requests refused, *supra.*

The only substantial question presented is, Was the petitioner on the facts entitled to notice under the provisions of G. L. c. 31, § 43?   The rules of the civil service have the force of law.   *Attorney General* v. *Trehy,* 178 Mass. 186, 188.   *Skold* v. *Chief of Fire Department of Cambridge,* 266 Mass. 513, 515.   There was no error in the ruling given.   The petitioner was not entitled to reinstatement before he should make request in writing to be placed "on a Special List," or after such request before he was certified from such "Special List" by the commissioner. See rule 40 which reads: "Any laborer who shall be found by the Commissioner to have been dismissed or separated from the service without fault or delinquency on his part, may, upon request of the employing officer, be reinstated in such service in the same department within six months next following such dismissal or separation."   In principle

the case is not distinguishable from *Feehan* v. *Chief Engineer of Fire Department of Taunton,* 264 Mass. 178, and *Skold* v. *Chief of Fire Department of Cambridge, supra.*

*Exceptions overruled.*