SIMON GOLDBERG *vs.* COMMISSIONER OF CIVIL SERVICE.

Suffolk.    January 6, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Civil Service.*

After a period of over four years and three and one half months during which an employee under the civil service was absent from work because of sickness and was receiving compensation under the workmen's compensation act, he was pronounced cured and returned to work, but three days later, after correspondence with the civil service commissioner, his employer dismissed him. He had made no application to be placed on a special list under civil service rule 23, § 2. Payments to him then were resumed under the workmen's compensation act. After such payments ceased because he had received the maximum amount allowed by law, and more than a year after his dismissal, he applied for reëmployment. His application was refused and by a petition for a writ of mandamus he sought to compel the civil service commissioner to approve his reinstatement. The petition was dismissed. *Held*, that

(1) The date of the petitioner's dismissal previous to the resumption of payments under the workmen's compensation act was a definite date of separation from the service under civil service rules 23 and 40;

(2) More than a year having passed after such separation, the commissioner properly refused reinstatement under civil service rule 40;

(3) The petitioner not having made any application to be placed on a special list under civil service rule 23, § 2, that rule did not apply;

(4) The petition properly was dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on October 1, 1930, for a writ of mandamus.

The petition was heard by *Carroll*, J. Material facts and rulings by the single justice are stated in the opinion. The petition was dismissed. The petitioner alleged exceptions.

The case was submitted on briefs.

*E. M. Doran & T. F. Sullivan*, for the petitioner.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the respondent.

PIERCE, J. This is a petition for a writ of mandamus, brought by Simon Goldberg, who was enrolled in the classified list in the service of the Commonwealth. He was duly certified and regularly appointed to the position of painter at the Boston City Hospital. On February 3, 1925, he was taken ill as the result of lead poisoning, said illness arising out of and in the course of his employment. As a consequence thereof he was placed under workmen's compensation, as provided by law for cases of sickness and injuries of this nature, and received compensation from the city of Boston until May 19, 1929, when he was pronounced cured and able to return to work. On May 20, 1929, he resumed work in his former position and continued to work until May 23, 1929. On the last named date he was suspended without notice and hearing. He was immediately placed again under workmen's compensation, which continued until May 6, 1930. On that date the total payments to him had amounted to $4,000, the maximum payment allowed by law.

On May 1 and on June 25, 1930, he was examined by an executive medical assistant of the Boston City Hospital and on each occasion given a card setting forth that he was able to return to work. He was denied employment on both of these last named dates without any reason being given. On May 22, 1929, the superintendent of the Boston City Hospital wrote the department of civil service and registration a letter which reads: " Mr. Simon Goldberg, one of our painters, has been on the workmen's compensation roll since May, 1925 because of lead poisoning. He now wishes to come back, although I feel that if he starts painting again, he will soon break

down again with lead poisoning. I would like, with your approval, to give him another chance." The executive secretary of the department of civil service and registration on May 23, 1929, in reply wrote the superintendent as follows: " I regret that the reinstatement of Simon Goldberg, as painter, cannot be authorized in view of the length of time he has been out of the service."

On August 26, 1930, Goldberg was given a hearing in relation to the entire case at the office of the commissioner of civil service and registration. On August 27, 1930, counsel for Goldberg received a letter from the department of civil service and registration stating that the reinstatement of the petitioner to the Boston City Hospital could not be allowed and Goldberg immediately appealed to the " board " of the department of civil service. On September 16, 1930, a hearing was had before the " board," and on September 24, 1930, Goldberg was notified by the executive secretary of the " board " that the " board " had voted " to sustain the action of Commissioner Goodwin in not allowing his reinstatement to the Boston City Hospital."

The petition for mandamus further states that the only reason why the petitioner was refused employment at the Boston City Hospital was because of the action of the commissioner in failing to permit the superintendent (Dr. John J. Dowling) to employ him; that there was work to be done at said hospital by a painter at the time; that the petitioner was ready and able to go back to his employment; that the petitioner has never been separated from the service within the meaning of the civil service rules and regulations; and prays that a writ of mandamus may issue compelling the commissioner to authorize the employment of the petitioner as a painter at the Boston City Hospital.

The respondent admits the allegations of fact made in the petition and for answer says the following civil service rules have been adopted: " Rule 23, § 2: ' Whenever a person in the Official Service is unable to work on account of sickness or his position is abolished or made

unnecessary or whenever the number of positions of a certain character in any department or under any appointing officer is reduced, whereby any person legally holding such position is separated from the service without fault or delinquency on his part, the name of such person shall be placed by the Commissioner on a Special List, if the applicant so requests in writing, and his name shall remain on such Special List, for a period of two years from the date of such separation; provided, however, that this shall not apply to persons originally employed on requisitions for temporary service, or to provisional appointees. Thereafter, on requisition to fill any position, which in the judgment of the Commissioner can be filled from such Special List, the Commissioner, before certifying from the regular eligible list, may certify from the Special List the names of persons then standing thereon in the order of the dates of their original appointment, and appointment shall be made from the names so certified. Upon proof satisfactory to the Commissioner of the advisability of so doing, however, he may certify from the regular eligible list.' " " Rule 40. ' With the consent of the Commissioner, upon good cause shown, an appointing officer may reinstate in the same position or in a position in the same class and grade any laborer who has been separated from the service for not over one year; provided, however, that the Commissioner shall not allow reinstatement of a person discharged for cause.' (As amended March 1, 1930.) Rule 40, as it existed prior to March 1, 1930, read as follows: ' Any laborer who shall be found by the Commissioner to have been dismissed or separated from the service without fault or delinquency on his part, may, upon request of the employing officer, be reinstated in such service in the same department within six months next following such dismissal or separation.' "

The case came on for hearing before a single justice of this court. At the hearing, subject to the exceptions of the petitioner, the single justice refused to rule (1) " That your petitioner was not separated from the service within

the meaning of G. L. c. 31 and the rules and regulations thereunder "; (2) " That Civil Service Rule 23, part 2 does not apply to sickness incurred within the scope of the employee's employment and arising out of such employment "; (3) " That your petitioner retained his ranking in the classified public service as a painter while he was receiving compensation under G. L. c. 152 and amendments thereto (workmen's compensation act) for sickness received out of and in the course of his employment as painter in the Boston Hospital Department "; (4) " That the interference by your respondent with the employment of your petitioner as painter by the Boston Hospital Department, for the reason given by your respondent, ' Reinstatement cannot be authorized in view of length of time out of service ' is inconsistent with law and is in violation of the power granted to the civil service commissioner and his associates by the legislature under G. L. c. 31, § 3 "; and entered an order, " Petition dismissed."

The petitioner does not contend that the quoted rules were not duly adopted, nor does he question their validity, but says that he was never in a position to request under Rule 23, part 2, that his name be placed on the special list, because no " date of separation " was ever definitely fixed, the fact that there was a separation being taken for granted and intimated in the exchange of letters referred to in the petition. He also contends that under Rule 40, *supra,* as it existed prior to March 1, 1930, and under Rule 40, *supra,* as amended on March 1, 1930, the period within which the employing officer may reinstate a laborer who has been separated from the service reasonably must follow a definite date. Assuming the position taken by the petitioner is sound in law, we think the date of separation was definitely fixed when the petitioner, after three days' resumption of the work which he had been doing prior to his illness on February 3, 1925, was suspended from work on May 23, 1929, and was immediately placed again under workmen's compensation. The petitioner in his brief concedes that he was not entitled

to notice of the suspension. *Fernandez* v. *Mayor of New Bedford*, 269 Mass. 445. We further think that on May 22, 1929, the petitioner, then being unable to work on account of sickness, was entitled to request in writing that his name be placed by the commissioner on the special list. No contention is made by the petitioner that he ever requested that his name be put upon the special list. If regard be given to the contents of the letter of the superintendent, *supra*, it is manifest the department of civil service and registration was right in denying the request that the petitioner be given "another chance," as suggested by the superintendent.

*Exceptions overruled.*