POLICE COMMISSIONER OF THE CITY OF BOSTON *vs.* COMMISSIONER OF CIVIL SERVICE.

SAME *vs.* SAME.

Suffolk. November 4, 1931. — March 28, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Civil Service. Police. Boston. Words, "Selection."*

The word "selection," as used in G. L. c. 31, § 3, providing for the making of rules by the board of civil service commissioners to "regulate the selection of persons to fill appointive positions," comprehends not only original choice of such persons but their restoration after separation from the public service.

The board of civil service commissioners under G. L. c. 31, § 3, had power to make civil service rule 23, § 3, reading: "With the consent of the Commissioner, upon good cause shown, an appointing officer may reinstate in the same position or in a position in the same class and grade any person who has been separated from the service; provided, however, that the Commissioner shall not allow reinstatement of a person discharged for cause."

By reason of the provisions of G. L. c. 31, § 4, such civil service rule applies to the police department of the city of Boston, there being nothing in St. 1906, c. 291, § 10, or in St. 1923, c. 242, § 3, preventing such application.

By reason of said civil service rule 23, § 3, the police commissioner of Boston had no right nor power, without the consent of the commissioner of civil service, to reinstate in his position a police officer after the expiration of the term of a suspension ordered following a hearing and recommendation of a trial board.

PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on April 29, 1931, respectively for a writ of mandamus and for a writ of certiorari.

Pleadings and proceedings before *Sanderson,* J., are described in the opinion. The single justice ordered both petitions dismissed, and reported the cases to the full court for determination.

*L. Schwartz,* for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondent.

RUGG, C.J. The first of these proceedings is a petition for a writ of mandamus, and the second a petition for a writ of certiorari. Both relate to the same facts. In the first the respondent filed an answer in the nature of a demurrer; in the second a return and an answer in the nature of a demurrer. In the first the demurrer was sustained and an order entered dismissing the petition as matter of law; in the second an order was made dismissing the petition as matter of law. The questions of law raised by the order in each case have been reported for our determination.

The facts relevant to the grounds of this decision are these: The petitioner, after complaint duly made, and a hearing pursuant to recommendations by a trial board within the department, suspended several officers of the police department of Boston for various breaches of duty. At the expiration of their respective terms of suspension, the petitioner reinstated these officers to their positions without asking or receiving the approval of the respondent. In the case of each such officer the petitioner received a letter to the effect that in the opinion of the respondent the employment of such officer was in violation of G. L. c. 31 and the civil service rules and should cease at once; and that, pursuant to G. L. c. 31, § 38, the respondent would notify the auditor and the treasurer of such violation and that payment of compensation to such officer was illegal and must cease within one week after the mailing of the notice until the legality of such employment was duly established.

The respondent rests his claim of right to exercise this authority upon civil service rule 23, § 3. It is in these words: "With the consent of the Commissioner, upon good cause shown, an appointing officer may reinstate in the same

position or in a position in the same class and grade any person who has been separated from the service; provided, however, that the Commissioner shall not allow reinstatement of a person discharged for cause." The petitioner contends that this rule is invalid because beyond the scope of the enabling statute. It is enacted by G. L. c. 31, § 3, that rules may be made to "regulate the selection of persons to fill appointive positions," with other provisions not here material. "Selection" is used in this connection as a word of broad significance. It comprehends not only original choice but restoration after separation from the public service. The suspensions of the officers here in question worked such separation for the specified period of suspension. The object of the civil service law is to secure and to retain faithful and efficient public servants. It is as important to the accomplishment of that object that there be supervision of reinstatement of those separated from the public service as of the initial designation of persons for the public service. This rule is in harmony with the purpose designed to be effectuated by the civil service law. The validity of this rule has been established, in substance and effect, and is not now open to question. *Feehan* v. *Chief Engineer of Fire Department of Taunton,* 264 Mass. 178. *Skold* v. *Chief of Fire Department of Cambridge,* 266 Mass. 513. *Fernandez* v. *Mayor of New Bedford,* 269 Mass. 445. See *Goldberg* v. *Commissioner of Civil Service,* 274 Mass. 300.

The further contention of the petitioner is that the rule is not applicable to the Boston police department. It is plain that the members of the police force of Boston are comprised within the operative words of G. L. c. 31, § 4, to the effect that "Members of police and fire departments of cities" "shall be included within the classified civil service by rules of the board." See R. L. c. 19, § 9. The provisions of St. 1906, c. 291, § 10, are not to the contrary. There is nothing in St. 1923, c. 242, § 3, which narrows or limits the force and effect of the rule and the powers of the respondent with respect to the facts here in issue.

The right of the petitioner to bring these proceedings in

his own name is challenged. It is also urged that the proceedings are premature because it does not appear that the respondent if asked will refuse to approve the reinstatements. See *Smith* v. *Cahoon*, 283 U. S. 553, 562. It is not necessary to discuss these questions or the proper form of remedy to be invoked because, on the merits, the petitioner cannot prevail. *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410, 411. *Grant* v. *Pizzano*, 264 Mass. 475, 478.

In each case the entry may be

> *Order dismissing petition affirmed.*