LAURENCE P. SMITH *vs.* DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF LAWRENCE & another.

BERNARD J. NOLAN *vs.* SAME.

Essex. January 15, 1935. — March 28, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Civil Service.*

Even if, by demotion from the regular forces to the reserve forces, a police officer and a fireman were "separated from the service" within the meaning of Civil Service Rule 23, paragraph 2, and even if their names had then been placed on a special list in accordance therewith, which was not done, any rights of theirs to precedence in regaining their former positions under said rule expired at the end of the two years following their demotion; and thereafter their rights to appointment to the regular forces were only those of members of the reserve forces under § 19A, inserted in G. L. c. 31 by St. 1932, c. 146; G. L. (Ter. Ed.) c. 31, § 20A.

Where a police officer and a fireman within the civil service were reduced from the regular forces to the reserve forces for the reasons that no money had been appropriated for the payment of their wages as members of the regular forces and that there was no need of their employment as members thereof, they were demoted, not merely suspended from the regular forces.

TWO PETITIONS for writs of mandamus, filed in the Supreme Judicial Court for the county of Essex on May 16, 1934, and afterwards amended.

The cases were heard by *Donahue*, J., by whose order the petitions were dismissed. The petitioners alleged exceptions. Material facts are stated in the opinion.

*J. P. Kane*, for the petitioners.

*C. F. Lovejoy*, Assistant Attorney General, for the Commissioner of Civil Service.

*W. T. Rochefort*, City Solicitor, for the Director of the Department of Public Safety of Lawrence.

LUMMUS, J. The charter adopted by the voters of the city of Lawrence is found in St. 1911, c. 621, Part II. Sections 4 and 6 provide for a mayor and four aldermen. Sec-

tions 40 and 41 declare that one of the aldermen shall be director of the department of public safety, and as such shall be in charge of the police and fire departments. Section 43 gives him "the power to appoint, suspend or remove . . . any officer" in his department.

Lawrence has both a reserve police force and a reserve force of firemen, in addition to the regular force in each department. G. L. (Ter. Ed.) c. 147, §§ 11, 12, 13; c. 48, §§ 59B, 59C, 59D. In each department the law requires that appointments to the regular force be made "upon certification by the commissioner [of civil service] from the list of members of the reserve" force, "in accordance with the rules of the board, except that the basis of certification shall be the order of appointment to the reserve force." G. L. (Ter. Ed.) c. 31, §§ 19A, 20A (St. 1930, c. 160; St. 1932, c. 146). Compare Civil Service Rule 26. For some years before December 30, 1931, the petitioner Nolan had been a reserve police officer and the petitioner Smith a reserve fireman. On that day, each was appointed a member of the regular force in his department, and immediately qualified and entered upon his duties.

On February 12, 1932, the respondent director reduced each petitioner to his former position as a member of the reserve force, giving as reasons that no money had been appropriated for the payment of his wages as a member of the regular force for the year 1932, and that there was no need of his employment as a member of the regular force. Later in February, 1932, after giving each petitioner a hearing, the respondent director repeated his earlier action. On review of this action by the District Court of Lawrence (G. L. [Ter. Ed.] c. 31, §§ 42B, 45; *Selectmen of Milton* v. *Justice of the District Court*, 286 Mass. 1; *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477), it was affirmed. Petitions for writs of certiorari were dismissed by a single justice of this court as matter of law and in the exercise of discretion, and did not come to the full court.

On May 17, 1932, each petitioner requested the respondent commissioner of civil service to place his name on a special

list, with certain rights to precedence in regaining his former position, under Civil Service Rule 23, paragraph 2. The text of that rule appears in *Fernandez* v. *Mayor of New Bedford,* 269 Mass. 445, 446, and *Dunn* v. *Commissioner of Civil Service,* 279 Mass. 504, 507. That is a valid rule (*Dunn* v. *Commissioner of Civil Service,* 279 Mass. 504, 508), and, like other civil service rules, has the force of law. *Skold* v. *Chief of Fire Department of Cambridge,* 266 Mass. 513, 515. The respondent commissioner refused to place the name of either petitioner on a special list, on the ground that such a list could legally contain only the names of persons who had been "separated from the service." See also St. 1933, c. 320; St. 1934, cc. 84, 207.

In May, 1934, the respondent director made requisition to the respondent commissioner for the certification of names to enable the director to appoint four regular police officers and eleven regular firemen. The respondent commissioner intends to certify names of reserve police officers and firemen in the order of their appointment to the reserve force. The petitioners brought these petitions for mandamus to compel the respondent commissioner to certify their names to the exclusion of those of other persons not heretofore members of the regular force in their respective departments, and to compel the respondent director to reinstate the petitioners in their former positions instead of selecting such other persons. A single justice dismissed the petitions, subject to the exceptions of the petitioners.

No special list was ever established, and the petitioners brought no proceeding to require the respondent commissioner to establish one. Only a person "separated from the service" without fault is entitled to the benefit of a special list. It has been said that "a person is separated from the service who for any reason is discharged or suspended for a definite period." *Skold* v. *Chief of Fire Department of Cambridge,* 266 Mass. 513, 515. See also *Fernandez* v. *Mayor of New Bedford,* 269 Mass. 445; *Police Commissioner of Boston* v. *Commissioner of Civil Service,* 278 Mass. 507. Even if a demotion from the regular to the reserve force can be deemed a separation from the service, any rights of the petitioners

to precedence in regaining their former positions under Civil Service Rule 23 expired at the end of two years from the demotion, or in February, 1934, and would have then expired even if a special list had been made. After that time, their rights to appointment to the regular forces were and remain only those of members of the reserve forces under the statutes cited. It is not shown that those rights have been or will be denied them.

It cannot be maintained that the petitioners were only suspended (*Bois* v. *Mayor of Fall River,* 257 Mass. 471, 472), and not demoted. Although one of the reasons given for the action of the respondent director was the lack of a sufficient appropriation to pay them, the action taken was to lower them in rank from members of the regular forces to members of the reserve forces. The decisions of the District Court and of a single justice of this court upon the petitions for writs of certiorari were conclusive that the action taken was lawful. Indeed, its legality is not denied. We find nothing in the statutes and rules giving the petitioners any precedence in appointments to the regular forces. In each case the entry will be

*Exceptions overruled.*