GUSTAVUS E. LITCHFIELD & others *vs.* RETIREMENT BOARD OF THE COUNTY OF MIDDLESEX & another.

Middlesex.  February 7, 1939. — July 5, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Retirement.  Pension.  Court Officer.  Words, "Entitled."*

Court officers of the Superior Court in the county of Middlesex, appointed previous to the acceptance by that county of the retirement system established by G. L. c. 32, §§ 20–25, were "entitled to a pension" under St. 1912, c. 722 (now G. L. [Ter. Ed.] c. 32, §§ 66, 67), and "covered by" those provisions, and, not having made written application waiving all benefits thereunder, could not be compelled to submit to the requirements of G. L. (Ter. Ed.) c. 32, §§ 20–25 I.

BILL IN EQUITY, filed in the Superior Court on May 4, 1938.

The case was reserved and reported by *M. Morton*, J.

*A. S. Allen*, for the plaintiffs.

*E. T. Simoneau*, for the defendants.

QUA, J.  The plaintiffs are court officers of the Superior Court in Middlesex County.  They were appointed under the provisions of G. L. (Ter. Ed.) c. 221, § 70, and predecessor statutes.  The defendants are the members of the retirement board of that county under G. L. (Ter. Ed.) c. 32, § 25F, inserted by St. 1936, c. 400, § 1, and the defendant Howard is also the treasurer of the county.

The issue is whether by the force of applicable statutes the plaintiffs have become members of the retirement system or systems now operative in that county (see G. L. [Ter. Ed.] c. 32, § 25I, inserted by St. 1936, c. 400, § 1), so that the plaintiffs must submit to the deductions from their compensation and to the other requirements incident to membership in such system or systems.

The terms of the original statutory retirement system accepted in Middlesex County had been embodied in G. L. c. 32, §§ 20–25, before any of the plaintiffs had been appointed to their offices. Section 22 contained the following, "(3) No officer elected by popular vote, except in Worcester county, nor any employee who is or will be entitled to a pension from any county for any reason other than membership in the association may become a member." By St. 1926, c. 378, § 1, the definition of "employees" in G. L. c. 32, § 20, was amended to include officers, except elected officers in counties other than Worcester. If before the amendment "employee" did not include an officer, and if these plaintiffs are officers (see *O'Connell* v. *Retirement Board of Boston*, 254 Mass. 404), then those of the plaintiffs who were appointed before the amendment did not become members. After the amendment "employee" included an officer for the purpose of the exclusion in § 22 as well as for other purposes of the act. The revised retirement system set up pursuant to G. L. (Ter. Ed.) c. 32, §§ 20–25I, introduced by St. 1936, c. 400, § 1, excluded from membership any person who was an "employee" on the date when the revised system became operative and who was then "covered by any other pension or retirement law of the commonwealth . . . ," unless he made written application, waiving all benefits of all other pension or retirement systems supported wholly by the county. § 21 (1) (c) as contained in § 1 of the act of 1936. See now § 21 (1) (b) and (c) as amended by St. 1937, c. 336, § 2. All of the plaintiffs were appointed before the revised system became operative, and none of them has applied for membership in it or has waived the benefits of any other pension system. Here again nothing turns upon any distinction between officer

and employee.  If in the 1936 act "employee" did not include officers generally (see definition in § 20 as contained in § 1 of that act), and if the plaintiffs were officers, the plaintiffs did not become members of the system, for by § 21 (1) as contained in § 1 of the act of 1936 only "employees" and certain elective officers became members. By amendment introduced into the definition of "employee" in § 20 by St. 1938, c. 217, that definition was made to include officers generally, if, indeed, it did not by fair construction already include them.  See St. 1937, c. 336, § 1; St. 1938, c. 464, § 3.  But in any event this amendment to a definition cannot be construed as in itself a new appointment of the plaintiffs so as to make them members in spite of the exception in § 21 (1) (b).

The result of the foregoing discussion is that none of the plaintiffs became or is a member of the original retirement system if, when appointed, he was or would be "entitled to a pension from any county for any reason," and none became a member of the revised system if, when that system became operative, he was "covered by any other pension or retirement law of the commonwealth."  As to each plaintiff each of these conditions is fulfilled for the reason that throughout all material times there was in force St. 1912, c. 722 (now appearing without amendments material to this case as G. L. [Ter. Ed.] c. 32, §§ 66, 67), which provides (in what is now § 66) that a court officer of the Supreme Judicial or Superior Court "who has performed faithful service in either or both of said courts for not less than twenty years, and who in the judgment of the sheriff of his county is incapacitated for further service in said courts, shall, if the sheriff so requests, with the approval of a majority of the justices of the court in which he serves, be retired, and shall annually receive a pension equal to one half of the compensation received by him at the time of his retirement."  We are not here concerned with the amendment to § 66 by St. 1937, c. 102, § 4, under which that section is made not to apply to court officers appointed after June 30, 1937, as all of the plaintiffs were appointed before that date.  That statute manifests both

an intention to abolish noncontributory pensions for future appointees and an intention to retain them for the benefit of those already covered by them.

Under the act of 1912, as continued in the General Laws and in the Tercentenary Edition, the several plaintiffs were "entitled to a pension from any county" within the meaning of those words as they are used in the statute establishing the original retirement system. No narrow or technical construction should be given to the word "entitled." The plaintiffs were none the less "entitled" to pensions although they must first perform faithful service for a fixed period, and although that fact, together with their incapacity for further service, must be established to the satisfaction of the sheriff, subject to judicial approval. Many pension systems include requirements of this general nature. It was not to be expected that the sheriff or the judges would act whimsically or in disregard of the conditions expressed in the statute or refuse to take action in respect to an officer who came within those conditions. Even if the sheriff could not be compelled to request, or the judges to approve, a retirement in an obviously proper case, upon which we express no opinion, it is plain that one object at least of the statute of 1912 was to give genuine and not merely illusory pension protection to the court officers mentioned, and that the object of the exclusion from the retirement system was to prevent double protection to various groups for whom pensions had been established under previous laws. Both statutes will be satisfied if we hold, as we do, that for the purposes of the county retirement law each plaintiff was "entitled to a pension" under the act of 1912, now G. L. (Ter. Ed.) c. 32, §§ 66, 67. Similarly each plaintiff was "covered by . . . [another] pension or retirement law of the commonwealth" within the meaning of the act establishing the revised retirement system of 1936.

It follows that the defendants cannot impose the requirements of either county retirement system upon these plaintiffs, and that the plaintiffs should have a decree to that effect, which should also provide that their names be

removed as members from the records of the board, and that the defendant Howard be enjoined from deducting further sums from their several salaries for the purposes of either retirement system. *O'Connell* v. *Retirement Board of Boston,* 254 Mass. 404, 407. As the county is not a party to the suit the decree herein will contain no order for the payment of those portions of the salaries which have hitherto been withheld.

*Ordered accordingly.*