LESTER A. CASWELL & others *vs.* SOMERVILLE RETIREMENT SYSTEM & others.

Middlesex.   May 8, 1940. — June 26, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Retirement. Pension. Police. Somerville. Municipal Corporations,* Retirement system, Pension.

A police officer of the city of Somerville, who was appointed and qualified on December 27, 1930, but did not enter active service for fifteen days, was not on January 1, 1931, "covered" by the police pension law, G. L. c. 32, § 83, so as to be excluded from the Somerville Retirement System by § 4 (1) (c) of St. 1930, c. 184, and therefore was required to contribute to that system, which became effective on that date.

BILL IN EQUITY, originally filed in the Supreme Judicial Court for the county of Middlesex and afterwards transferred to the Superior Court and there amended.

A demurrer to the bill was heard and sustained by *Good,* J.

*D. H. Fulton,* for the plaintiffs.

*R. J. Muldoon,* City Solicitor, for the defendants.

LUMMUS, J.   The seven plaintiffs appeal from an interlocutory decree sustaining a demurrer, and from a final decree dismissing their bill, which sets forth the following facts.   Before December 27, 1930, they were appointed and confirmed as provided in the charter of Somerville (St. 1899, c. 240, § 21) as police officers, and took oath as such.   If they had performed daily routine service as police officers prior to January 1, 1931, there was a sufficient unexpended balance of appropriation to pay them, and they would have been paid.   But they performed no such service and were not paid.   Their daily routine service and pay actually began on January 11, 1931, and have continued to the present time.   Ever since January 1, 1932, four per cent of

the weekly salaries of the plaintiffs has been deducted under the law establishing a contributory retirement system for employees of the city of Somerville, St. 1930, c. 184. The plaintiffs complain of that deduction because, they contend, they were not within the Somerville Retirement System established by that statute.

The Somerville Retirement System under that statute became operative on January 1, 1931. St. 1930, c. 184, § 3. A police officer is an "employee" within that statute. § 2 (2). § 4 (4) Group 2. § 6. By § 4 (1) (c), "An employee who is covered by any other pension or retirement law of the commonwealth, including a special law accepted by, and applicable to employees of, the city, on the date when this retirement system becomes operative shall not be considered to have become a member of this retirement system unless" he makes written application to join it and waives all rights under any other pension or retirement law. See also § 21.

In December, 1930, and on January 1, 1931, there was in force in Somerville G. L. (1921) c. 32, § 83, which provided that a police officer "permanently disabled, mentally or physically, by injuries sustained through no fault of his own in the actual performance of duty, from further performing duty" as a police officer, or a police officer "who has performed faithful service . . . for not less than twenty years continuously" and "is disabled for useful service in the department," shall at his own request or that of the chief of police be retired "from active service" on a noncontributory pension. For subsequent amendments, see St. 1939, c. 264.

The plaintiffs contend that they were police officers before January 1, 1931, that they were on that date "covered" by a pension law, namely, G. L. (1921) c. 32, § 83, and consequently that they did not come within the Somerville Retirement System. See *Litchfield* v. *Retirement Board of Middlesex County*, 303 Mass. 473.

Apart from Civil Service Rule 17 (2), doubtless they were police officers on January 1, 1931. By taking the oath they had accepted the office. Apart from that rule,

their appointment gave them the statutory and common law powers and duties of police officers, which are not dependent upon any direction or call to duty by any superior officer. G. L. (Ter. Ed.) c. 41, § 98. *Buttrick* v. *Lowell,* 1 Allen, 172. *Hartley* v. *Granville,* 216 Mass. 38. *Rich* v. *Mayor of Malden,* 252 Mass. 213, 217. *Adams* v. *Selectmen of Northbridge,* 253 Mass. 408. *Commonwealth* v. *Gorman,* 288 Mass. 294. An ordinance of Somerville required each police officer to "devote his entire time to and acquaint himself with the business of the department," to "hold himself ready at all times whenever his service may be required," and to "perform the duties assigned . . . [him] by the chief" of the police department. Though the plaintiffs until June, 1931, were probationers not entitled to protection against discharge (G. L. [Ter. Ed.] c.·31, § 3 [e]; Civil Service Rule 18; *Allen* v. *Chief of Police of Cambridge,* 259 Mass. 286; *Crimmins* v. *Highway Commission of Brockton,* 304 Mass. 161, 162–163, and cases cited), probationers are none the less public officers. The plaintiffs were not in terms appointed to take office in the future.

But Civil Service Rule 17 (2), in force in December, 1930, and January, 1931, provides that "no person shall be regarded as appointed within the requirement of these rules unless he . . . is actually employed within thirty days from date of receipt of notice of appointment." If actual employment is a condition precedent to appointment, the plaintiffs did not hold office on January 1, 1931. If, however, actual employment is only a condition subsequent, the condition was performed on January 11, 1931, and the appointment took effect as of December 27, 1930. We need not consider the effect of that rule upon the general principles already stated, for we think that another point.is decisive against the plaintiffs.

Even though the plaintiffs were police officers on January 1, 1931, that was not enough to place them within the pensionable class under G. L. (1921) c. 32, § 83. That statute provides for the pensioning of a police officer only when he is retired "from active service." To be retired from active service, one must already have been in active

service. Until a police officer is in active service he is not within the class which upon disability may be pensioned under that statute. See *Dunn* v. *Commissioner of Civil Service,* 281 Mass. 376. When the Somerville Retirement System took effect on January 1, 1931, these plaintiffs were not yet in active service, and consequently were not "covered" by G. L. (1921) c. 32, § 83. They therefore fell within the Somerville Retirement System.

> *Interlocutory decree affirmed.*
> *Final decree affirmed, with costs.*