FREDERICK O. DAVIS & others *vs.* RETIREMENT BOARD OF
THE COUNTY OF MIDDLESEX.

Middlesex.   May 29, 1942. — August 10, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Retirement. County. Veteran. Waiver. Equity Pleading and Practice,*
Injunction.

The provisions of G. L. c. 32, § 22 (3), related only to the eligibility of employees of a county to join its retirement system established under §§ 20–25, and did not operate to terminate the existing membership therein of a veteran of the World War upon the adoption by that county of §§ 56–60, providing for noncontributory retirement allowances for veterans.

Even if a member of a county retirement system ever had had a right to withdraw from membership, the exercise of such right was barred by his acceptance of the benefits of the system for a period of sixteen years.

A county was not entitled to require contributory payments by an employee on the alleged ground that he was a member of either its original retirement system established under G. L. (Ter. Ed.) c. 32, §§ 20–25, or of the revised system established under §§ 20–25I appearing in St. 1936, c. 400, § 1, where it appeared that he was a veteran of the World War and became an employee of the county at a time when the original system was in effect but after §§ 56–60 had become effective in that county, so that he was prevented from becoming a member of the original system by § 22 (3); and that, upon the subsequent establishment of the revised system, he had not become a member of that system by making the application and waiver required by its § 21 (1) (c).

Upon a report, without decree, of a suit in equity by a county employee seeking to recover deductions made from his pay on the alleged ground that he was a member of the county retirement system, and to have further deductions enjoined, it was unnecessary to order such an injunction in view of a decision by this court that the plaintiff was not a member of the system and of the consequent unlikelihood that further deductions would be made.

A veteran less than fifty-five years old, who entered the employ of a county on July 19, 1937, was not entitled to the benefits of G. L. (Ter. Ed.) c. 32, §§ 56–60, providing for noncontributory retirement allowances for veterans, and became a member of the retirement system in effect in that county under §§ 20–25I, as inserted by St. 1936, c. 400, § 1, by virtue of § 21 (1) (a).

BILL IN EQUITY, filed in the Superior Court on May 1, 1941.

The case was reported by *Leary*, J., and in this court was submitted on briefs.

The plaintiffs, *pro se.*

*R. F. Bradford*, District Attorney, for the defendants.

RONAN, J. The plaintiffs, employees of Middlesex County and veterans of the World War, allege that they are entitled to the noncontributory retirement benefits for such veterans by virtue of G. L. (Ter. Ed.) c. 32, §§ 56–60, but that the defendant Howard, the county treasurer, acting under the directions of those defendants who comprise the county retirement board, has made deductions from their compensation on the ground that they are members of the county retirement systems as required by the provisions of said systems. G. L. c. 32, §§ 20–25; G. L. (Ter. Ed.) c. 32, §§ 20–25I, as inserted by St. 1936, c. 400, § 1, together with amendments. They seek to enjoin the defendants from making further deductions and for an order requiring the payment to them of the deductions already made. In the Superior Court, the parties agreed upon the facts, and the judge, without entering any decree, reported the case for the determination of this court.

The original retirement system for county employees was established by St. 1911, c. 634, subsequently appearing as G. L. c. 32, §§ 20–25, and became operative in Middlesex County on July 1, 1912. The plaintiffs, Davis, Brodrick, Nellson, Silva, Beals and O'Connor, whom we shall treat

as a group, became employees of the county during the period from 1919 to 1923. They became members of the original retirement system. But St. 1920, c. 574, now appearing as G. L. (Ter. Ed.) c. 32, §§ 56–60, with amendments, providing for noncontributory retirement allowances for veterans, became effective in Middlesex County on January 1, 1927. These plaintiffs contend that they ceased to be members of the original county retirement system or association on this last mentioned date by virtue of G. L. c. 32, § 22 (3), which provided that no county "employee who is or will be entitled to a pension from any county for any reason other than membership in the association may become a member," as they then became entitled to the benefits of the veterans' retirement allowance. At the time they became members of the original system, none of these plaintiffs was entitled to any pension or retirement allowance from the county other than that provided by the system. Section 22 (3) is concerned only with the eligibility of an employee to join the system and not with the retention or cancellation of his membership after he has been properly admitted to the association. The function of this subsection (3) is to bar from membership in the county system or association employees, who at the time the system was established had the right to a pension "for any reason other than membership in the association," and also to prevent future employees, who at the time they enter the service of the county will be entitled to a pension other than that provided by the county system, from becoming members of the county system or association. This subsection cannot be construed as effecting a cancellation of the plaintiffs' membership in the county system upon the adoption by the county of the veterans retirement allowance statutes. A member in the original county system could quit his employment and receive what he has paid in with the interest it had earned, St. 1911, c. 634, § 6A; G. L. c. 32, § 25 (2) A (a), but it has been held that one having become a member cannot withdraw and continue in the employment of the county. *Goodale* v. *County Commissioners of Worcester*, 277 Mass. 144. *Cogan* v. *Cam-*

*bridge Retirement System*, 294 Mass. 577. *Williams* v. *Contributory Retirement Appeal Board*, 304 Mass. 601.

A revised county retirement system was established by St. 1936, c. 400, § 1, (see now G. L. [Ter. Ed.] c. 32, §§ 20–25I, with amendments,) and became effective in Middlesex County on January 1, 1937. Employees of the county on that date who were then "covered by any other pension or retirement law" were not eligible to membership in the revised system unless they made written application for membership and waived all benefits of all such other pension or retirement systems. G. L. (Ter. Ed.) c. 32, § 21 (1) (b) (c), as inserted by St. 1936, c. 400, § 1. These plaintiffs never filed any such application or waiver. They never became members of the revised system. Provision for the continuance of their membership in the original system was made in the revised system by authorizing the retirement board in the revised system to continue to operate, as to such members of the original system who did not elect to become members of the revised system, "such previously existing retirement system in accordance with the provisions of law relative thereto." G. L. (Ter. Ed.) c. 32, § 25I. The employment of these six plaintiffs has been continuous since they last became employees, and so has their membership in the original retirement system. There is nothing in *Litchfield* v. *Retirement Board of the County of Middlesex*, 303 Mass. 473, that helps this group of plaintiffs because, in that case, none of the plaintiffs, all of whom were appointed court officers prior to January 1, 1937, the effective date in Middlesex County of St. 1936, c. 400, and who at the time of their appointment were eligible to a pension under what is now G. L. (Ter. Ed.) c. 32, § 66, ever became a member of either the original or the revised county retirement system.

Three of this group of plaintiffs, on January 6, 1927, requested the county treasurer to cancel their membership in the system and to reimburse them for the amounts that had been deducted from their compensation, for the reason that they desired to accept the benefits of the veterans' retirement allowance, but all of those plaintiffs have con-

tinued from the time they last entered the service of the county to receive all the benefits of the original retirement system, and they made no other demands until September 28, 1939, when they objected to any future deductions from their salaries and requested that their names be struck from the membership list of the county systems. If the plaintiffs, as they contend, had the right to withdraw their membership, they having accepted the benefits of the original retirement system for periods varying from sixteen to twenty years, depending upon the respective terms of their employment, and the county having assumed during these years whatever risk attached thereto, the exercise of such a right, if it ever existed, would be barred. Rights must be seasonably asserted and advanced if they are to be relied upon, and this is especially true in matters involving arrangements or contracts for the payment of disability or death benefits of a somewhat similar nature to those provided for in the county retirement systems. *Sherman* v. *Metropolitan Life Ins. Co.* 297 Mass. 330. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471. *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477. *Woodman* v. *John Hancock Mutual Life Ins. Co.* 300 Mass. 486. *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626.

The plaintiff Foristall began his employment on July 13, 1936, when both the original retirement system and the statutory provisions for veterans' retirement allowance were in effect in Middlesex County. This plaintiff was at the commencement of his employment entitled to the benefits of the veterans' retirement allowance, and was precluded from becoming a member of the original county retirement system by G. L. (Ter. Ed.) c. 32, § 22 (3), which, as we have already seen, did not permit one to join who then had a right to a pension under some law other than the county retirement system. He did not at any time after January 1, 1937, when the revised system created by St. 1936, c. 400, § 1 (see now G. L. [Ter. Ed.] c. 32, §§ 20–25I), became effective, make any written application to join this system or waive his benefits under the veterans' retirement act. See G. L. (Ter. Ed.) c. 32, § 21 (1) (c). He never became

a member of the county retirement system and is entitled to be reimbursed for all the deductions collected from him, together with interest from September 28, 1939, the date of demand for the payment of all deductions made prior thereto, and with interest upon all subsequent deductions from the date of the filing of the bill, with costs. *Litchfield* v. *Retirement Board of the County of Middlesex,* 303 Mass. 473. *Caswell* v. *Somerville Retirement System,* 306 Mass. 373. As we hold that Foristall is not a member of the county retirement system, it seems hardly likely that any further deductions from his compensation will be made and hence there is no need of an injunction. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82. *Saugus* v. *B. Perini & Sons, Inc.* 305 Mass. 403.

The remaining plaintiff, Smith, began his employment with the county on July 19, 1937, and thereupon became a member of the county retirement system by virtue of G. L. (Ter. Ed.) c. 32, § 21 (1) (a), as inserted by St. 1936, c. 400, § 1, which requires all such employees, excepting those over fifty-five years of age, who become employees after the revised system became operative, to become members in the said system. We assume, as have the parties, that this plaintiff, as well as all the other plaintiffs, was under fifty-five years of age when he entered the service of the county. The Legislature had previously manifested an intent to abolish noncontributory pensions for future employees. G. L. (Ter. Ed.) c. 32, § 60, as amended by St. 1937, c. 102, § 2, which was in effect when Smith became an employee, provided that a veteran whose employment first began after June 30, 1937, should not be subject to said §§ 56–59, inclusive. The result is not affected by St. 1938, c. 452.

It follows that a final decree is to be entered dismissing the bill as to all the plaintiffs except Foristall, for whom the decree is to provide for the payment of the amounts deducted from his compensation, together with interest and costs.

*Ordered accordingly.*