FRANK J. FORD & others *vs.* RETIREMENT BOARD OF LAWRENCE & others.

Essex.   November 3, 1943, January 3, 1944. — February 7, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Retirement. Fireman. Municipal Corporations*, Retirement. *Statute*, Retroactive. *Duress.*

St. 1938, c. 326, applied retroactively to one who had been a reserve fireman of a city prior to July 1, 1937, and, after that date but before the effective date of the statute, was promoted from the reserve force to the permanent force.

Even if a municipal employee enrolled in the retirement system of the municipality through coercion exercised by threats to withhold his pay unless he did so, his right to maintain a suit to restrain deductions from his pay consequent upon such enrollment was barred if, without a continuance of the coercion, he failed to protest such deductions and to institute such suit for many months after his enrollment.

BILL IN EQUITY, filed in the Superior Court on September 17, 1941.

A master's report was confirmed and a final decree was entered by order of *Brogna*, J.

*R. A. A. Comparone*, for the plaintiffs.

*J. P. Kane*, City Solicitor, for the defendants.

RONAN, J.   The plaintiffs, permanent members of the fire department of the city of Lawrence, seek to restrain the defendant city treasurer and the three defendants who comprise the retirement board from deducting from the plaintiffs' salaries certain sums which are placed in the retirement fund, and to order the board to reimburse them for the deductions already paid into said fund.   The exceptions of the defendants to the master's report were over-

ruled. All parties have appealed from a final decree enjoining the defendants from making further deductions from the plaintiffs' salaries and ordering them to reimburse the plaintiffs for the sums deducted, together with interest. The plaintiffs appeal because the final decree failed to award them counsel fees.

The facts reported by the master may be briefly stated. All the plaintiffs prior to and on July 1, 1937, were reserve firemen of the city of Lawrence, and subsequently thereto, between June 5, 1938, and February 11, 1940, became, and are still, permanent members of the fire department of said city. The city on April 23, 1917, accepted the earlier statutes corresponding to those now appearing as G. L. (Ter. Ed.) c. 32, §§ 80–83, inclusive, and § 89, establishing a pension and retirement system for members of the fire department. The city in 1928 accepted St. 1928, c. 218, which in its present form appears as G. L. (Ter. Ed.) c. 48, §§ 59B, 59C and 59D, and provides for the establishing of a reserve force for a municipal fire force, and for the appointment, duties and compensation of members of such reserve force.

The new retirement system of the city became effective on July 1, 1937, by virtue of G. L. (Ter. Ed.) c. 32, §§ 26–31H, inclusive, inserted by St. 1936, c. 318, § 1, but the plaintiffs, all of whom were then reserve firemen, contend that, as they were then entitled to pensions or retirement allowances under G. L. (Ter. Ed.) c. 32, §§ 80–83, inclusive, and § 89, they were exempted from joining this new retirement system by § 27 (1) (c), and that they did not make an application to join and never waived and renounced the benefits that they claim they were entitled to under §§ 80–83, inclusive, and § 89, of said c. 32. The defendants contend that at the times the plaintiffs were appointed permanent members of the fire department they were barred from receiving any benefit under said §§ 80–83, inclusive, and § 89, by virtue of St. 1937, c. 102, § 9, now G. L. (Ter. Ed.) c. 32, § 85C, which provided that no policeman or fireman whose employment began after June 30, 1937, should be subject to the provisions of §§ 83–85B, inclusive. The Legislature, however, enacted St. 1938, c. 326, which provided that so

much of the provisions of §§ 80, 81, and 83–85, inclusive, of c. 32 "as apply to members of a police or fire department of a city or town shall apply to members of the reserve force of any such department whose employment as such began prior to July first, nineteen hundred and thirty-seven, and to members of the permanent force of any such department promoted thereto from such reserve force after said date, if the service of such member in such reserve force began prior to said date and continued up to the time of his promotion as aforesaid, notwithstanding any provision of law to the contrary." This act was approved on May 17, 1938, and became effective ninety days thereafter. Upon the findings of the master, the appointment of each of the plaintiffs was a promotion from the reserve force. The written notice of their respective appointments by the appointing authority so stated. Appointments to the permanent force must be made from the reserve force, G. L. (Ter. Ed.) c. 31, § 19A, inserted by St. 1932, c. 146, and amended by St. 1939, c. 238, § 24 (see now St. 1943, c. 530), and such appointments, although original appointments as permanent members of the force, were also promotions for members of the reserve force so appointed. (See St. 1943, c. 338.) *McDonald* v. *Fire Engineers of Clinton,* 242 Mass. 587. *Smith* v. *Director of Department of Public Safety of Lawrence,* 290 Mass. 307. The fact that one of the plaintiffs became a permanent fireman on June 5, 1938, and before the effective date of St. 1938, c. 326, did not deprive him of the benefits of this chapter, which was retroactive to July 1, 1937. The Legislature may prescribe the terms and conditions of pensions and retirement allowances, place the burden of paying them on cities and towns, and pass retroactive statutes with reference to pensions and retirement payments. *Gray* v. *Salem,* 271 Mass. 495. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492. *Olivier* v. *Fall River,* 306 Mass. 376.

The plaintiffs, therefore, were entitled to the benefits of pensions and retirement allowances provided for firemen at the time they became members of the permanent force, St. 1938, c. 326, unless they waived and renounced such bene-

fits when they enrolled in the municipal retirement system. G. L. (Ter. Ed.) c. 32, § 27 (c), as inserted by St. 1936, c. 318, § 1. The master found that the secretary and the chairman of the retirement board threatened to withhold their compensation and to strike their names from the payroll unless the plaintiffs joined the municipal system. The master found that the enrollment of the plaintiffs in the municipal system was not voluntary on their part. If we assume, but without deciding, that this is to be construed as a finding that each of the plaintiffs was induced to enroll in the new system by actual coercion and duress and that the pressure exerted upon each by the board could in law have that effect, nevertheless the record discloses other facts which overcome the effect of such coercion and duress. The bill alleges, and the answer admits, that deductions have been made from the compensation of the plaintiffs when they were paid each week. As to some of the plaintiffs these deductions began in 1938, and as to the other plaintiffs within ninety days of their appointments. No protest against these deductions was made until sometime "In 1941." The present bill was filed on September 17, 1941. There is nothing contained in the report of the master to indicate that, when these plaintiffs permitted these deductions to be made on the hundreds of occasions when they were made, they were still compelled, by the same pressure that resulted in their joining the system, to submit to these deductions. The master makes no finding as to whether these subsequent deductions were not freely and voluntarily consented to by the plaintiffs. His report merely shows the continuance of these deductions. It is the duty of this court on appeal to draw its own inferences from the facts reported by the master without regard to the conclusions of the Superior Court. *Robinson* v. *Pero,* 272 Mass. 482, 484. *Morin* v. *Clark,* 296 Mass. 479, 485. We think the findings, so far as they go, lead reasonably to the conclusion that these deductions were made with the assent of the plaintiffs. The threats made to secure the enrollment of the plaintiffs in the municipal system would seem to have spent their force long prior to the filing of the bill of complaint. *Rich-*

ardson v. *Brown*, 260 Mass. 509. *Carey* v. *Fitzpatrick*, 301 Mass. 525. The continuance of the retirement board in office after the plaintiffs had joined the municipal system cannot be deemed an ever present threat to the plaintiffs compelling them to submit to the retention of a part of their compensation for an indefinite period of years. If the plaintiffs were victims of coercion, then it was their duty to act seasonably as soon as they were freed of constraint and refuse to permit further deductions from their pay. Their enrollment in the system was not void but voidable. The transaction must stand or fall as a unit. The subsequent conduct of one who seeks to set aside a transaction voidable on account of fraud or duress bars him from relief if such conduct amounts to a waiver or affirmance of the transaction. This principle is applicable here. *Fairbanks* v. *Snow*, 145 Mass. 153. *Silsbee* v. *Webber*, 171 Mass. 378. *Webb* v. *Lothrop*, 224 Mass. 103. *Willett* v. *Herrick*, 258 Mass. 585. *Rosenbloom* v. *Kaplan*, 273 Mass. 411. *Cappy's, Inc.* v. *Dorgan*, 313 Mass. 170.

It follows that the final decree must be reversed and a decree entered dismissing the bill with costs.

*Ordered accordingly.*