EDWARD P. HINCKLEY & others *vs.* RETIREMENT BOARD OF GLOUCESTER.

Essex.    April 5, 1944. — June 16, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Retirement. Equity Jurisdiction*, Retirement, Laches. *Municipal Corporations*, Retirement. *Laches. Police.*

The provisions of § 38 of G. L. (Ter. Ed.) c. 32, as amended by St. 1937, c. 336, § 21, conferring jurisdiction in equity upon the Superior Court to compel observance of §§ 1–31I inclusive gave, to persons claiming not to be members of a contributory retirement system established under §§ 26–31H, a remedy in equity for removal of their names as members and recovery of deductions made from their compensation; after a decision adverse to them by the local retirement board, they were not compelled to seek a remedy by appeal to the appeal board under § 37C (7).

No right was given to a city accepting the provisions of St. 1936, c. 318, establishing the contributory retirement system denominated as G. L. (Ter. Ed.) c. 32, §§ 26–31H, to require contributions thereunder from police officers who were such on the effective date of the statute, were members of the system established by §§ 56–60, 83–85 of said

c. 32, and had not made written application to join the contributory system nor waived nor renounced benefits under the system of which they were already members.

A finding of laches, barring police officers from relief in equity under § 38 of G. L. (Ter. Ed.) c. 32, as amended, by ordering removal of their names as members of a contributory retirement system and payment to them of sums deducted from their compensation, was not required merely by the facts that resort to the suit was delayed during periods of from one to five years, during which they had verbally protested against the deductions and finally had sought a hearing by a retirement board which had denied them relief about six months before they brought the suit.

BILL IN. EQUITY, filed in the Superior Court on April 9, 1943.

The suit was heard on demurrer by *Brogna,* J., and on the merits by *Goldberg,* J.

*C. W. Wonson,* for the defendants.

*G. L. McDonald,* for the plaintiffs.

WILKINS, J.: The plaintiffs as to whom the bill was not dismissed, (hereinafter called the plaintiffs), regular police officers of the city of Gloucester, by a bill in equity seek to require the defendants, one of whom is city auditor, one of whom is city treasurer, and all of whom are members of the local retirement board, to remove the plaintiffs' names as members of the contributory retirement system, to enjoin the defendants from deducting sums from their salaries for the purposes of such system, and to recover deductions already made. A demurrer to the bill of complaint was overruled. The case was then heard on a statement of agreed facts. The judge ruled that the plaintiffs had not become members of the contributory retirement system, ruled that there was no need for an injunction on the authority of *Davis* v. *Retirement Board of the County of Middlesex,* 312 Mass. 115, 120, and entered a decree ordering the removal of the plaintiffs' names and providing for the payment of the deductions with interest. The defendants appealed.

At the outset we are confronted by a challenge to the jurisdiction of the Superior Court, a question not discussed in *Davis* v. *Retirement Board of the County of Middlesex,* 312 Mass. 115, and *Ford* v. *Retirement Board of Lawrence,* 315 Mass. 492.

The bill of complaint alleges that the plaintiffs are regular police officers of the city of Gloucester; that all of them had previously been reserve police officers, and had been appointed as such prior to June 30, 1937; that at the time of their appointment as members of the police department "the original statutory retirement system" to be found in G. L. (Ter. Ed.) c. 32, §§ 56–60, inclusive, 83–85, inclusive, and 89, had been accepted by the city and was in force and applied to "any member of the police department," including the plaintiffs; that when "the revised retirement act," to be found in G. L. (Ter. Ed.) c. 32, §§ 26–31H, inclusive, as appearing in St. 1936, c. 318, § 1, took effect on July 1, 1937, the plaintiffs were reserve police officers; that since July 1, 1937, the plaintiffs have been appointed permanent police officers; that at the expiration of ninety days from his permanent appointment each was advised by his superiors and by the defendants, the members of the retirement board, that he came within the provisions of the "revised retirement act" and would be forced to contribute; that thereafter the plaintiffs have paid five per cent of "their weekly salary" under protest, contending that they were already covered by "the original retirement law" and therefore expressly were excluded from the new act; that the defendants in October, 1942, gave the plaintiffs a hearing at which they were represented by counsel and, relying upon St. 1938, c. 326, protested against the contributions they were forced to make; and that the defendants voted not to refund any deductions which had been made from the plaintiffs' salaries and voted to continue making deductions as before. The relief prayed for included an injunction against further deductions, the removal of the names of the plaintiffs as members of the retirement system, and the refunding of sums previously deducted with interest.

One ground of demurrer was that G. L. (Ter. Ed.) c. 32, §§ 26–31H, as so appearing, which established contributory retirement systems for municipalities accepting the same, conferred "exclusive" jurisdiction upon the local retirement board and "the contributory retirement appeal board." The defendants contend that the Legislature intended a

uniform procedure requiring appeals to the appeal board within a limited time before invoking the aid of the courts by writ of certiorari or other appropriate remedy, and that the plaintiffs had no option to ignore the appeal board, to wait six months after a decision by the local retirement board, and then to institute proceedings in equity in the Superior Court.

The plaintiffs, on the one hand, rely upon § 38 of said c. 32, as amended by St. 1937, c. 336, § 21, which reads, ''The superior court shall have jurisdiction in equity, upon petition of the commissioner of insurance or any interested party, to compel the observance and to restrain the violation of any provision of sections one to thirty-one I, inclusive, and of the rules and regulations established thereunder.'' The defendants, on the other hand, rely upon G. L. (Ter. Ed.) c. 32, § 37C, paragraph 7, as appearing in St. 1938, c. 439, § 2, which provides: ''There is hereby established a board composed of the director of the division of accounts or an assistant in said division to be designated in writing from time to time by the commissioner of corporations and taxation, the commissioner of insurance or an assistant to be designated in writing from time to time by said commissioner, and an assistant attorney general to be designated from time to time by the attorney general, said board being hereinafter called the appeal board. On matters not subject to review as hereinbefore provided, any person aggrieved by any order, decision or finding of a retirement board, or by the failure of such board to act, may within ten days after such order, decision or finding, or within ten days after the expiration of one month following the date of a written request to such board for such an order, decision or finding in case no action was taken by such board thereon within one month, appeal to the appeal board by filing with the board a claim in writing. The appeal board shall, after due notice, give a hearing in not less than ten nor more than sixty days following the filing of any such claim of appeal. The appeal board shall pass upon the appeal, and its decision shall be final and binding upon the board of retirement involved and upon all other

parties in interest, and shall be complied with by such board."

The statute must be construed as a whole, giving effect to all its provisions so far as possible. "It is a familiar canon of statutory interpretation that every word of a legislative enactment is to be given force and effect so far as reasonably practicable. No part is to be treated as immaterial or superfluous unless no other rational course is open." *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349, 360, and cases cited. *Williams* v. *Contributory Retirement Appeal Board*, 304 Mass. 601, 605. *Mitchell* v. *Mitchell*, 312 Mass. 154, 161. In § 37C as appearing in § 2 of St. 1938, c. 439, a legislative intent is shown to establish a comprehensive procedure applicable to all members of contributory retirement systems of the Commonwealth, of counties, and of cities and towns, including public school teachers. Except as to matters subject to review in the District Court as provided in said § 37C, paragraphs 1, 2, and 4, such members must follow the procedure established in § 37C, paragraph 7. When the paragraph of § 37C [afterwards denominated as (7)] first became effective May 26, 1938 (see St. 1938, c. 360, § 10A), § 38 was already in effect. Section 38 had always applied to the other retirement systems contained in G. L. (Ter. Ed.) c. 32. See St. 1910, c. 619, § 10 (cities and towns); St. 1911, c. 532, § 10 (Commonwealth); St. 1911, c. 634, § 10 (counties); St. 1913, c. 832, § 14 (public school teachers). Section 38 was also contained in the original form of the statute establishing municipal contributory retirement systems, and as to cities like Gloucester, which accepted the revised act at the first opportunity, became effective July 1, 1937. See St. 1937, c. 336, § 21. Some range of effectiveness must exist for § 38. "A statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Cohen* v. *Price*, 273 Mass. 303, 309. *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352. Except as to those who were members of a retirement system existing under c. 32, we think that the remedy under § 38

was still open.   The bill of complaint in substance alleges that the plaintiffs were not members of the contributory retirement system of the city of Gloucester.   It follows that the demurrer was rightly overruled as to these plaintiffs. Compare *Stone* v. *Treasurer of Malden*, 309 Mass. 300.

The statement of agreed facts showed the following: The city duly accepted, effective July 1, 1937, St. 1936, c. 318. The provisions of G. L. (Ter. Ed.) c. 147, §§ 11–13, establishing a reserve police force, are in effect in the city by virtue of the acceptance of a corresponding provision of an earlier statute, St. 1896, c. 314.   The plaintiffs were all reserve police officers prior to July 1, 1937, and all became regular police officers at various dates between December 15, 1937, and March 5, 1942.   Before any of the plaintiffs were appointed reserve police officers G. L. (Ter. Ed.) c. 32, §§ 56–60, 83–85, and 89, were in effect in the city, and, as amended, have so continued.   None of the plaintiffs has applied for membership in the contributory retirement system, or waived the benefits of any other pension system. See § 27 (1) (c) of G. L. (Ter. Ed.) c. 32, as appearing in St. 1936, c. 318, § 1.   The local retirement board, as the plaintiffs severally became regular police officers, ruled that they became members of this system, and "under verbal protest" five per cent deductions "were made and are still being made from their weekly compensation without their consent."   In June, 1938, the plaintiff Hinckley protested to the defendants.   On September 11, 1942, counsel for the plaintiffs protested in writing and requested a hearing before the defendants.   Such hearing was held on October 16, 1942, and the defendants voted not to refund any sums to the plaintiffs, and to continue making deductions.   Without appealing to the appeal board, the present bill in equity was brought on April 9, 1943.

The judge ruled that the plaintiffs did not become members of the contributory retirement system; that G. L. (Ter. Ed.) c. 32, § 83, as amended by St. 1936, c. 439, § 2, under certain conditions placing "upon a pension roll any member of the police department," included both permanent and reserve police officers; and that the plaintiffs were

"covered by any other pension or retirement law" under said § 27 (1) (c), which reads, "An employee who is covered by any other pension or retirement law of the commonwealth, including any special law accepted by and applicable to employees of the city or town on the date when the system becomes operative therein, shall become a member of the system only if he shall then or thereafter make written application to join the system, and shall therein waive and renounce all benefits of all other pension or retirement systems supported wholly by the city or town."

The decree entered by the judge was correct. The plaintiffs, as reserve police officers whose employment began prior to July 1, 1937, were within the provisions of G. L. (Ter. Ed.) c. 32, §§ 56–60, 83–85, by reason of St. 1938, c. 326, which was in terms retroactive. *Ford* v. *Retirement Board of Lawrence,* 315 Mass. 492, 493–494. They were thus "covered by any other pension or retirement law" within the language of said § 27 (1) (c), and, since they did not make written application to join the contributory retirement system and waive and renounce the benefits of the pension system of which they were already members, it necessarily followed that they did not become members of the new contributory retirement system. *Litchfield* v. *Retirement Board of the County of Middlesex,* 303 Mass. 473, 475. *Davis* v. *Retirement Board of the County of Middlesex,* 312 Mass. 115, 118. *Ford* v. *Retirement Board of Lawrence, supra,* at page 494. In the case last cited the plaintiffs all signed applications for membership in the contributory retirement system, and made no protest for four years. In the case at bar none of the plaintiffs signed such applications, and protest was seasonably made.

The plaintiffs were not barred by laches. "In general, mere delay not extending beyond the period allowed by the statute and not rendering relief unconscionable, does not amount to laches. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69." *Robinson* v. *Lyndonville Creamery Association,* 284 Mass. 396, 401.

*Decree affirmed with costs.*