EDWARD C. HAYWARD & others *vs.* RETIREMENT BOARD OF BROCKTON & others.

Plymouth.   November 8, 1944. — December 6, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Retirement. Equity Jurisdiction,* Retirement, Laches. *Municipal Corporations,* Retirement. *Laches. Police.*

Reserve police officers of Brockton, who were appointed before June 30, 1937, and continued to serve as such until December, 1937, when they were promoted to the permanent force, and who continuously protested deductions from their salaries under the contributory retirement system established by §§ 26–31H, inserted in G. L. (Ter. Ed.) c. 32 by St. 1936, c. 318, § 1, and effective in the city on July 1, 1937, and who had made no written application to join such system and had not waived nor renounced rights in the noncontributory system previously in force, properly were granted a decree in a suit in equity, begun in July, 1943, against the retirement board, the city and the treasurer

.of the city, adjudging them still to be members of the noncontributory system, enjoining the deductions under the contributory system, and ordering removal of their names from the list of members of the contributory system and repayment of the sums deducted; and a finding that they were guilty of laches barring the suit was not required.

BILL IN EQUITY, filed in the Superior Court on July 22, 1943.

The suit was heard by *Baker*, J.

*H. C. Gill*, for the defendants, submitted a brief.

*L. E. Crowley*, for the plaintiffs.

WILKINS, J.   This case is governed in its main aspects by *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496.   The plaintiffs, regular police officers of Brockton, bring a bill in equity against the members of the retirement board of that city, the city treasurer, and the city itself, seeking to enjoin deductions from their salaries made on the ground that they are members of the contributory retirement system established by St. 1936, c. 318, § 1, inserting §§ 26–31H in G. L. (Ter. Ed.) c. 32, and to recover deductions already made.   The case was heard on an "agreed statement of facts."   By order of the judge a final decree was entered declaring that the plaintiffs were members of the noncontributory retirement system established by G. L. (Ter. Ed.) c. 32, §§ 56–60, 83–85, and 89, enjoining deductions for the contributory system, ordering removal of their names from the list of members of the contributory system, and the repayment of sums previously deducted.   The defendants appealed.

The facts agreed showed the following: The provisions of G. L. (Ter. Ed.) c. 32, §§ 56–60, 83–85, have been accepted and in effect in Brockton for at least twenty years. Prior to January 1, 1937, the provisions of G. L. (Ter. Ed.) c. 32, §§ 26–31H, inserted by St. 1936, c. 318, § 1, were accepted, and became effective July 1, 1937.   In 1899 the city accepted the provisions of St. 1896, c. 314, now to be found in G. L. (Ter. Ed.) c. 147, §§ 11, 12, and 13, which established a reserve police force.   All the plaintiffs were duly appointed and qualified as members of the reserve police force prior to June 30, 1937, and "continued to serve

as such reserve officers" until December 20, 1937, when they were promoted to the permanent police force.  On or about July 1, 1937, and on or about December 20, 1937, the plaintiffs were notified by their superior officers and by the members of the retirement board that they would have to become members of the contributory retirement system and that they were not eligible to membership in the non-contributory retirement system.  None of the plaintiffs has made written application to join the former or has waived or renounced any rights in the latter.  On December 20, 1937, the plaintiffs protested to their superior officers and to the retirement board that they were entitled to the benefits of the noncontributory system and that no deductions should be made from their salaries for the contributory system.  Thereafter from time to time the plaintiffs have renewed their protests, and have never consented to the five per cent deductions which have been made from their salaries.  The plaintiffs filed their bill of complaint immediately upon learning that the Legislature by St. 1938, c. 326, had expressly exempted them from compulsory membership in the contributory system.

"The plaintiffs, as reserve police officers whose employment began prior to July 1, 1937, were within the provisions of G. L. (Ter. Ed.) c. 32, §§ 56–60, 83–85, by reason of St. 1938, c. 326, which was in terms retroactive.  *Ford* v. *Retirement Board of Lawrence,* 315 Mass. 492, 493–494 . . . and, since they did not make written application to join the contributory retirement system and waive and renounce the benefits of the pension system of which they were already members, it necessarily followed that they did not become members of the new contributory retirement system."  *Hinckley* v. *Retirement Board of Gloucester,* 316 Mass. 496, 502.  See now St. 1941, c. 670.  The plaintiffs, therefore, were entitled to the remedy in equity afforded by G. L. (Ter. Ed.) c. 32, § 38, as amended by St. 1937, c. 336, § 21.  *Hinckley* v. *Retirement Board of Gloucester, supra,* at page 499.

The defendants contend that the foregoing principles do not apply because there is "nothing in the record to show

that any one of the plaintiffs was ever assigned to any duty or ever performed any active service in the police department of the city of Brockton prior to December 20, 1937." See *Caswell* v. *Somerville Retirement System*, 306 Mass. 373. This argument is not open on the facts agreed, which recite that "the plaintiffs were duly appointed and qualified as members of the reserve force . . . prior to June 30, 1937, and continued to serve as such reserve officers from the dates of their respective appointments until December 20, 1937."

The defendants' contention, not raised by their answer, that the plaintiffs were guilty of laches is also foreclosed by the *Hinckley* case. Page 502. The defendants' other contentions are not open on the record.

*Decree affirmed with costs.*