DANIEL DULLEA & others *vs.* RETIREMENT BOARD OF PEABODY & others.

Essex.    October 25, 1944. — January 8, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Retirement. Municipal Corporations*, Retirement. *Fireman.*

By St. 1938, c. 326, which is retroactive to July 1, 1937, those who then were reserve firemen of a city in which the provisions of G. L. (Ter. Ed.) c. 32, §§ 80 and 81, as then most recently amended by St. 1936, c. 439, § 1, were in force, became entitled to the benefits thereby provided and could not be made members of the contributory retirement system established by St. 1936, c. 318, § 1, inserting §§ 26–31H in c. 32 of the General Laws and effective in the city on July 1, 1937, unless and until, in accordance with § 27 (1) (b), (c) of said c. 32, as appearing in St. 1937, c. 336, § 12, they made written application to join the system and waived and renounced all the benefits they formerly had enjoyed; and, not having done so, they were entitled to have their names removed from the list of members of the contributory system and to recover from the city deductions made from their pay, purportedly in accordance with the provisions of that system and without protest on their part, from July 1, 1937, to April 2, 1943, when they first brought a suit to enforce their rights.

BILL IN EQUITY, filed in the Superior Court on April 2, 1943, by thirteen members of the fire department of Peabody.

The case was heard by *Goldberg, J.*

In this court the case was submitted on briefs.

*G. Ankeles*, for the plaintiffs.

*J. A. Liacos*, City Solicitor, for the defendants.

RONAN, J. This is an appeal taken by nine plaintiffs, who were reserve firemen of the city of Peabody on July 1, 1937, when the contributory retirement system, G. L. (Ter.

Ed.) c. 32, §§ 26–31H, inclusive, as inserted by St. 1936, c. 318, § 1, became effective in said city, and all of whom have since remained reserve firemen with the exception of Dullea, who since November 14, 1937, has been a permanent fireman, from a final decree dismissing as to them a bill of complaint filed on April 2, 1943, in which they sought an injunction to prohibit further deductions from their pay as contributions to the system and reimbursement for the deductions already made.

The judge filed a statement of his findings, rulings and order for a decree in which he set forth that at the time the system became operative in Peabody on July 1, 1937, firemen, call firemen and substitute call firemen by virtue of G. L. (Ter. Ed.) c. 32, § 80, as amended by St. 1936, c. 439, § 1, were covered by a pension or retirement law other than the contributory retirement system but that reserve firemen were not covered by any such law and, not having filed any election not to become members of the contributory retirement system within ninety days of July 1, 1937, they became members of such system by virtue of § 27 (1) (b) as appearing in St. 1937, c. 336, § 12; that in accordance with the provisions of St. 1938, c. 326, which were retroactive to July 1, 1937, these plaintiffs, "after the effective date" of that statute, "were entitled to the benefits of pensions and retirement allowances provided for firemen"; that the continuance of these plaintiffs as members of the contributory retirement system after the effective date of said c. 326 was not void but voidable; and that the subsequent conduct of each plaintiff in permitting a deduction to be made each week from his pay as a contribution to the retirement system without protest but "with the free and voluntary assent of each of these plaintiffs . . . amounted to a waiver or affirmance of the transaction and bars him from relief."

The defendants contend that these plaintiffs were employees of the city on July 1, 1937, as defined by § 26 of the contributory retirement system and that, as they did not give any notice of their intention not to join the system nor file any waiver of the benefits to be obtained from said system as required by said § 27 (1) (b), they became members

and have since continued as such notwithstanding the provisions of St. 1938, c. 326, conferring upon them the benefit of the firemen's pension and retirement law, G. L. (Ter. Ed.) c. 32, § 80, as amended by St. 1936, c. 439, § 1, because they made regular contributions to the system and enjoyed its advantages and privileges.   These plaintiffs contend that, whether or not they were employees of the city and were eligible to membership in the system, they are now, by virtue of St. 1938, c. 326, entitled to the benefits granted firemen; that even if on July 1, 1937, they were employees, they never made any application to join the system as provided by § 27 (1) (c), as appearing in St. 1937, c. 336, § 12, and therefore never joined the system; and that they did not voluntarily make any contributions to the system or assent to joining its membership.

It is not necessary to review the pertinent statutory provisions contained in the contributory retirement system act, St. 1936, c. 318, § 1, which became G. L. (Ter. Ed.) c. 32, §§ 26–31H, or the various amendments to these provisions, in order to decide whether these plaintiffs were ever members of the system because, whether they were or were not employees of the city on July 1, 1937, within the definition of employees as set forth in § 26, their status and relation to the contributory retirement system were defined and settled by St. 1938, c. 326.   This chapter, in so far as now material, provides that so much of the provisions of §§ 80 and 81 of c. 32 of the General Laws (granting pensions and retirement allowances to firemen) as applies to members of a fire department shall also apply to members of the reserve force of any such department whose employment began prior to July 1, 1937, and to members of the permanent force of any such department promoted after said date from such reserve force, if the service of such member in the reserve force began before July 1, 1937, and continued up to the time of his promotion, "notwithstanding any provision of law to the contrary."   The statute was retroactive to July 1, 1937.   At that time, reserve firemen were not actually included in G. L. (Ter. Ed.) c. 32, § 80, as then most recently amended by St. 1936,

c. 439, § 1, which provided pensions only for firemen, call firemen and substitute call firemen. By making St. 1938, c. 326, retroactive to the earliest day when the contributory retirement system could become operative in any city or town and in so phrasing the enactment in the words quoted, the legislative intent is plain that those who were reserve firemen when the contributory retirement system became operative should be considered as covered by the earlier firemen's pension or retirement law. Whatever their status was, whether employees or not within the definition in § 26, they became by a legislative fiat entitled to the benefits of a special pension or retirement law and they could not, even if such employees, become members of the contributory retirement system unless they made written application to join the system and waived and renounced all benefits of the firemen's pension or retirement law as is required by said § 27 (1) (c). This they never did. It is in this respect that the case differs from *Ford* v. *Retirement Board of Lawrence,* 315 Mass. 492. It is clear that, since the enactment of St. 1938, c. 326, these plaintiffs, who never took the steps necessary to join the contributory system, cannot now be considered as having become members of that system and are, therefore, entitled to reimbursement for the amounts deducted from their pay.

The final decree must be modified by striking out the provision ordering that the bill be dismissed as to these plaintiffs and substituting therefor a provision declaring that these plaintiffs were members of the noncontributory retirement system established by G. L. (Ter. Ed.) c. 32, §§ 80 and 81, as amended and more especially as affected by St. 1938, c. 326, and ordering removal of their names from the list of members of the contributory system and the repayment to each of them of the sums previously deducted from his pay with interest from the date of the filing of the bill, together with costs. *Hinckley* v. *Retirement Board of Gloucester,* 316 Mass. 496. *Hayward* v. *Retirement Board of Brockton, ante,* 371. There is nothing to indicate that the rights of these plaintiffs as herein determined will not be recognized by the individual defendants, and it cannot

be assumed that they, when the law has been interpreted, will fail to take the proper steps to carry out its provisions. No necessity appears for the issuance of an injunction. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 90. *Saugus* v. *B. Perini & Sons, Inc.* 305 Mass. 403, 410. *Davis* v. *Retirement Board of the County of Middlesex*, 312 Mass. 115, 120. *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496, 497. Compare *Commonwealth* v. *Hudson*, 315 Mass. 335. The decree as so modified is affirmed.

*So ordered.*