JAMES L. BRADY *vs.* RETIREMENT BOARD OF BROCKTON & others.

Plymouth.   April 10, 1947. — June 3, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Retirement.   Janitor.*

A school janitor entitled to the benefits of a noncontributory pension system, upon being appointed to the position of supervisor of school janitors, in which his duties were somewhat executive in character and were in many respects different from and more important than those of an ordinary janitor, was "promoted . . . to . . . a position subject to the provisions of sections one to twenty-eight inclusive" within G. L. (Ter. Ed.) c. 32, § 3 (2), (a) (iii), as appearing in St. 1945, c. 658, § 1, and was obliged to join a contributory retirement system which became effective in his city after his appointment as school janitor but before his appointment as supervisor of school janitors.

BILL IN EQUITY, filed in the Superior Court on July 17, 1946.

The suit was heard by *Dillon,* J.

*L. E. Crowley,* for the plaintiff.

*H. C. Gill,* City Solicitor, for the defendants.

WILKINS, J. In this bill in equity for a declaratory judgment brought pursuant to G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, by a supervisor of school janitors in the employ of the city of Brockton against the members of the retirement board and the treasurer of that city and

against the city itself, the plaintiff prays for an adjudication that he is not a member of the contributory retirement system and for other relief. The case was heard on agreed facts by a judge, who made findings and ordered the bill dismissed. From a final decree dismissing the bill, the plaintiff appealed.

On June 1, 1946, the plaintiff, who had been employed since 1927 "as a school janitor or custodian," was promoted by the school committee from a civil service list, after a competitive examination, to a position designated as "supervisor of school janitors." On January 6, 1920, the city had accepted St. 1919, c. 143, providing for noncontributory pensions for school janitors. See now G. L. (Ter. Ed.) c. 32, § 44, as appearing in St. 1936, c. 223, as amended by St. 1937, c. 102, § 1. During his employment as janitor, the plaintiff, as a member of the noncontributory pension system of the city, was entitled to the benefits of that statute. Prior to June 30, 1937, the city had accepted the provisions of the contributory retirement law, which has been in effect in the city since July 1, 1937. See G. L. (Ter. Ed.) c. 32, as amended. Upon assuming the duties of supervisor of janitors, the plaintiff was informed by the retirement board by letter dated June 20, 1946, that because of his promotion he must become a member of the contributory retirement system, and that he could appeal from its decision to the contributory retirement appeal board. G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1. The plaintiff immediately notified the retirement board that he claimed to be entitled to the benefits of the noncontributory pension provided for in G. L. (Ter. Ed.) c. 32, § 44, as amended, and has continued to make protest both orally and in writing. The plaintiff has not made written application to join the contributory retirement system, has not signed a waiver of any right to a noncontributory pension under G. L. (Ter. Ed.) c. 32, § 44, as amended, and has not consented to any deduction from his wages on account of the contributory retirement system.

The plaintiff's predecessor as supervisor of school janitors was one Lyon, who had held the position since before the

acceptance of the contributory retirement law. Lyon "had continuously occupied said position until his retirement in 1946 as a member of the noncontributory pension system. . . . The supervisor of school janitors has no power to hire or discharge other employees or to assign other employees to the various school buildings or to regulate hours, wages, vacations, or working conditions or to discipline, punish or penalize any other employee, all such powers being reserved to the superintendent of schools or the school committee. The principal duties of the supervisor of school janitors are the distribution of school supplies to the various schools, seeing to it that the fuel supplies at the schools are maintained properly by the highway department . . . , the reporting of conditions and infractions of the rules to the superintendent of schools, instructing new janitors in their duties and performing the duties of any janitors absent because of illness or other cause. The supervisor is actually a 'working foreman.' "

In his "findings and order" the judge ruled that by reason of his promotion the plaintiff was obliged to join the contributory retirement system; and that his failure to appeal from the decision of the retirement board to the retirement appeal board is a bar to the present proceedings.

The judge's ruling that because of his promotion the plaintiff was obliged to join the contributory retirement system was undoubtedly based upon G. L. (Ter. Ed.) c. 32, § 3 (2) (a), as appearing in St. 1945, c. 658, § 1, which provides: "Membership in a system as a member in service . . . shall comprise . . . (iii) Any person who hereafter resigns, transfers or is promoted from a position in the service under which he had inchoate rights to a non-contributory pension under this chapter or under corresponding provisions of earlier laws or of any other general or special law, to accept a position subject to the provisions of sections one to twenty-eight inclusive, if at the time of such resignation, transfer or promotion he is under the maximum age for the group in which he would be classified." [1] The ruling

---

[1] It was orally agreed at the arguments that the plaintiff is under the maximum age.

that the plaintiff is barred by failure to appeal to the contributory retirement appeal board is tantamount to a ruling that such an appeal is his exclusive remedy by reason of G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1.[1] See formerly G. L. (Ter. Ed.) c. 32, § 37C, (7), as appearing in St. 1938, c. 439, § 2.

The plaintiff contends that he is entitled to bring these proceedings by virtue of G. L. (Ter. Ed.) c. 32, § 24 (1), as appearing in St. 1945, c. 658, § 1, which reads in part, "The superior court shall have jurisdiction in equity upon petition of the commissioner of insurance or any interested party to compel the observance and to restrain the violation of any provision of sections one to twenty-eight inclusive and of the rules and regulations established thereunder." This is a substantial repetition of what had been G. L. (Ter. Ed.) c. 32, § 38, as appearing in St. 1937, c. 336, § 21.

There is no question but that the plaintiff, if a member of the contributory retirement system, cannot maintain this bill. *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496. *Hayward* v. *Retirement Board of Brockton*, 317 Mass. 371. He contends, however, that he is not such a member. He urges that he is still, to all intents and purposes, a janitor; that he, accordingly, is subject to G. L. (Ter. Ed.) c. 32, § 44, as appearing in St. 1936, c. 223, as amended by St. 1937, c. 102, § 1, relative to pensions for school janitors; and, hence, that he has not been promoted to "a position subject to the provisions of sections one to twenty-eight inclusive" of G. L. (Ter. Ed.) c. 32, as amended, to which is limited the operation of G. L. (Ter. Ed.) c. 32, § 3 (2) (a) (iii), as appearing in St. 1945, c. 658, § 1. We are unable to accept this contention. His duties, as set forth in the agreed facts quoted above, are obviously those of a position somewhat executive in character and are in many respects different from, and more important than, those of an ordinary janitor,

---

[1] This section, among other things, provides for an appeal to the contributory retirement appeal board by "any person aggrieved by any action taken or decision of a [contributory retirement] board rendered," and further reads: "The contributory retirement appeal board shall pass upon the appeal, and its decision shall be final and binding upon the board involved and upon all other parties in interest, and shall be complied with by such board and by such parties."

such as the plaintiff was when entitled to the benefits of G. L. (Ter. Ed.) c. 32, § 44, as amended. This conclusion is not in the least precluded by the agreed fact that the supervisor is a "working foreman." It is immaterial whether Lyon, his predecessor, had been treated as a member of the noncontributory system. Whether he was correctly so treated is not before us for consideration.

We are of opinion that the plaintiff was promoted to a position within the scope of G. L. (Ter. Ed.) c. 32, § 3 (2) (a) (iii), as appearing in St. 1945, c. 658, § 1, and thereby became a member of the contributory retirement system, and as such was entitled to appeal to the contributory retirement appeal board in accordance with G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1, but is not entitled to bring this bill.

*Decree affirmed.*