Rufo, Robert C., J.
Plaintiff, Mr. Mark Rampino (“Rampino”), brought this action against the Town of Barnstable Fire District Fire Chief and .the Barnstable Fire District Prudential Committee (hereinafter “defendants”) after the Town of Barnstable Fire District, terminated his employment. This matter is before the court on the defendant’s Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and Rampino’s cross motion for Summary Judgment pursuant to Mass.R.Civ.P. 56. For the foregoing reasons, the defendant’s motion is ALLOWED and Rampino’s motion is DENIED.

Background

On August 6, 2004, Rampino was hired as a full-time firefighter by the Barnstable Fire District. Pursuant to G.L.c. 31, §61 and the Barnstable Professional Firefighters, Local 3276 International Association of Fire Fighters AFL-CIO-CLC Agreement with the Barn-stable Fire District (“CBA”), Rampino would serve in a probationary capacity for the first twelve months of employment before he shall be considered a full-time tenured employee.
Section X of the CBA effective July 1, 2002 through June 30, 2005 provided that:
Article X - Job Evaluation
Performance Evaluation - The first year of employment is to be a probation period. During the first year of employment, the Fire Chief or his/her designee will do a detailed quarterly review of the employee’s work performance. At this time, if not satisfied with the review of the work performance of the employee, the Fire Chief may terminate employment. After the first year of employment, detailed reviews of the employee’s work performance will be done periodically, but at least once a year. Employees in the probationary period will not have access to the grievance procedure.
Rampino was evaluated four times during his probationary period. The Fire Chief designated a lieutenant to conduct each of the evaluations. The lieutenant produced several documents during each evaluation, consisting of an Employee Performance Appraisal and Development Summary, a Performance Appraisal Data and Plan, and a Performance Profile.[2] An Employee’s Self-Evaluation Form was also collected.
*688 On August 3, 2005, the Fire Chief terminated Rampino’s employment, citing his “EMS skills, ability to join in and become part of the organization, [and] low callback volume” as his reasons. Rampino responded by filing a complaint[3] against the defendants. The defendants have countered with a motion to dismiss the complaint. Rampino replied with a motion for summary judgment.

Standard of Review

According to Mass.R.Civ.P. 12(b)(6), fourth para.:
If, on any motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to arid not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by 56.
Summary judgment is appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56; Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

Discussion

According to G.L.c. 31, §34, fifth para., if the conduct or the character of a person serving a “probationary period,” or the quality of his or her work is “not satisfactory to the appointing authority,” notice of termination may be given. Probationary employees are not protected against discharge. Caswell v. Somerville Ret. System, 306 Mass. 373, 375 (1940). The term “probationary” must be taken in its usual and ordinary sense. City of Leominster v. Int’l Bd. of Police Officers, Local 338, 33 Mass.App.Ct. 121, 125 (1992); see Martin v. Rent Control Bd. Of Cambridge, 19 Mass.App.Ct. 745, 747 (1985). “In ordinary connotation, the word indicates a status of experimental testing of the employee. It certainly implies no commitment for continuance of employment, if for any reason the experimental relationship leads to the conclusion that a more extended relationship may be unsatisfactory.” Rhine v. Int’l Young Men's Christian Ass'n Coll, 339 Mass. 610, 613 (1959).
In City of Leominster, the court addressed the issue of whether a probationary police officer must be dismissed “for cause." 33 Mass.App.Ct. at 122. They determined that if a probationary employee must be terminated “for cause,” there would no longer be an experimental testing of fitness during a trial period and that proof of serious misconduct would be required for a discharge. Id. at 126-27. This would undermine the reasoning behind G.L.c. 31, §34. Id. at 126. The court determined that the twelve-month probationary period is necessary to establish whether the potential employee had the courage, good judgment, and the ability to work under stress in the public interest as a member of an organization. Id. at 127. The need of subjective judgment by an experienced person assists in prognosticating satisfactory character and work performance in judging a probationary employee. Id. The court does not want to “hobble the employer unduly in the process selection for tenure because dislodgment thereafter is notoriously difficult.” Costa v. Selectman of Billerica, 377 Mass. 853, 860-61 (1979).
The crux of the argument on which this matter turns is the language of the CBA which states that “(d)uring the first year of employment, the Fire Chief or his/her designee will do a detailed quarterly review of the employee’s work performance. At this time, if not satisfied with the review of the work performance of the employee, the Fire Chief may terminate employment.” Rampino argues that the Fire Chief must rely exclusively on the documents gathered by his designee in evaluating his work performance and that if these documents reflect that he “meets requirements,” he must be granted tenure. In the alternative, the defendants argue that the documents produced in the quarterly review are just one factor that the Fire Chief may consider before he may terminate a probationary employee.
After review of the documents gathered by the Fire Chiefs designee, not one single item is labeled review of the work performance" or any other variation. “They all are individual documents, one of which was produced by Rampino, himself, which the Fire Chief may use in his overall review of work performance. There is nothing in the record, nor is there any information in the CBA, which would indicate that the Fire Chief must rely ’’exclusively" on the quarterly review documents, as Rampino insists. Therefore, the Fire Chief is given sole discretion to review not only the quarterly review evaluation documents, but the overall work performance of the probationary employee which may result in termination within the probationary period.
For the above reasons, the defendant’s motion is ALLOWED and Rampino’s motion is DENIED.

At no point on the Performance Profile did Rampino score below the mark tabbed “Sufficient for satisfactory performance or all position responsibilities."

Plaintiff is seeking declaratory relief that the Fire Chief is bound to the documents produced during the quarterly evaluations (Count I) and specific performance in that Rampino is to be granted the position of full-time firefighter (Count II). Furthermore, Rampino alleges that all the defendants breached their duly of good faith (Count III) in that the Fire Chief failed to adhere to his designee’s evaluation forms. Moreover, Rampino claims that the Fire Chief acted deceitfully (Count IV) and negligently (along with the Barnstable Fire District Prudential Committee in Counts V and VI, respectively) in not adhering to the designee’s evaluation forms. Finally, Rampino alleged that the defendants breached a contract (Count VII) in their interpretation of the Fire Chiefs actions under the CBA.